# Dowling *v.* White.

*Statutory Proceedings against Officer to compel Delivery of Books and Papers to Successor.*

1. *Sheriff*; *appointment of successor*; *tenure of office.*—Under section 26 of Article V of the constitution, which provides that persons appointed to vacancies in the office of sheriff shall continue in office until the next general election in the county for sheriff, a person appointed in March, 1896, to succeed the sheriff, whose term expired in November, 1896, could only hold the office until after the person elected sheriff at the general election in August, 1896, qualified to enter upon his duties as sheriff.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory proceeding instituted by the appellant, E. M. C. Dowling, against the appellee, A. P. White, to compel the latter to deliver to the former the books, papers, property, money, &c., belonging to the

office of the sheriff of Dale county; and was instituted on September 1st, 1896.

Upon the hearing of the cause, the following facts were disclosed: On the first Monday in August, 1892, one W. R. Sims was elected Sheriff of Dale county, Alabama, and went into office by virtue of such election on November 3, 1892. In the first part of March, 1896, the said Sims resigned, and on March 9th, 1896, the defendant, A. P. White, was appointed by the Governor, as sheriff to fill the vacancy occasioned by the resignation of Sims. White was duly commissioned and continued in office under said appointment until the beginning of this action. E. M. C. Dowling was duly elected as sheriff of the county of Dale at the August election in 1896, and duly qualified as such sheriff elect, by taking the oath of office and giving bond and security for the faithful performance of the duties thereof, which bond was approved by the judge of probate of said county. On September 1st, 1896, the said Dowling was commissioned as sheriff of Dale county by the Governor. Thereupon Dowling made demand upon A. P. White for the turning over to him of the office of sheriff of Dale county, and for the delivery of the books, papers, property, &c. appertaining thereto. This demand was refused, and thereupon the present proceeding was instituted. Upon these facts there was judgment rendered in favor of the defendant. From this judgment the plaintiff appeals, and assigns the rendition thereof as error.

H. H. BLACKMAN, for appellant.—The constitution provides that vacancies in the office of Sheriff, shall be filled by the Governor, as in other cases, and the person appointed shall continue in office until the next general election in the county for sheriff, as provided by law. Const. Art. V, § 26.

The only inquiry in a proceeding under sections 301 and 302 is, has the party complaining a clear, *prima facie* right to the office, and has the party complained against possession of the property, neglecting and refusing after demand made, to surrender it; and for all the purposes of such proceeding, a commission from the Governor, founded either on a certificate of election, or a vacancy, is a sufficient title to require the order of delivery to be made.—*Thompson v. Holt,* 52 Ala. 491; *Plow-*

*man v. Thornton*, 52 Ala. 559; *Chambers v. Stringer*, 62 Ala. 596.

BORDERS & CARMICHAEL, *contra.*—The appointee of the Governor was entitled to hold the office of sheriff for the unexpired term of his predecessor.—*Thompson v. Holt*, 52 Ala. 491; *Chambers v. Stringer*, 62 Ala. 596; *Plowman v. Thornton*, 52 Ala. 559.

Section 248 of the Code of 1886 provides that if a vacancy occurs in the office of sheriff, that the vacancy shall be filled by appointment of the Governor, and that the appointee shall hold for the unexpired term, that is until November unless a provision of the Constitution found in Section 26, Art. V, nullifies such section. It will be observed that the section of the constitution quoted from recognizes the right of the sheriff elected in 1877, to hold his office for three years, and by reference to the several acts of the General Assembly referred to, it will be seen that the sheriff elected in 1874, was authorized to hold for three years, and the one in 1871, had a term of three years, and the one in 1868, had a term of three years beginning in November, 1868. So that the term of Sheriff must necessarily begin in November instead of any other time.—*Price v. State*, 50 Ala. 568.

McCLELLAN, J.—It is conceded in this case that the term of office of Sims, who was elected sheriff of Dale county, in August, 1892, and went into office on November 3d, following, extended to November 3d, 1896; and we shall consider the case here upon that concession, without deciding that question. Sims resigned in March, 1896, and White was appointed to succeed him. Section 248 of the Code provides: "Vacancies in all county offices are filled by appointment of the Governor, except as otherwise provided; the appointees must be commissioned, and they shall hold their offices for the unexpired term, and until their successors are elected and qualified." Upon the concession that Sims' term extended to November, 1896, this statute, if it were a valid enactment as to sheriffs, and there were no later law on the subject, would have entitled White to hold until November. But the constitution contains the following provision: "A sheriff shall be elected in each county by the qualified electors

thereof, who shall hold his office for the term of four years, unless sooner removed, and shall be ineligible to such office as his own successor; provided, that sheriffs elected on the first Monday in August, 1877, or at such other time as may be prescribed by law for the election in that year, shall hold their offices for the term of three years, and until their successors shall be elected and qualified. In the year 1880, at the general election for members to the General Assembly, sheriffs shall be elect-- ed for four years, as herein provided. Vacancies in the office of sheriff shall be filled by the Governor, as in other cases; and the person appointed shall continue in office until the next general election in the county for sheriff, as provided by law."

The convention in the ordination of this section had prominently in mind, as appears from its own terms, the fact that elections for the office of sheriff were then held in August, the time therefor having been previously changed by statute from November. And "the next general election in the county for sheriff," to which appointees to that office shall continue in office under the last clause of the section, is, of course, an election held in August, and, with reference to the present case, the August election 1896. If this organic provision had contained no reference to the fact that elections for sheriff were held in August, there might be some plausibility in the idea that the convention really intended that the appointee should hold until November, at which time elections had theretofore been held and to which time, on the concession before adverted to, the terms of sheriffs extended, notwithstanding their successors should be elected several months before. But as the organic provision stands, we see no escape from its plain words, and no ground to give it a construction other than that imported by the terms the convention employed. Nor is it as thus read at all inconsistent with section 3 of the schedule to the constitution. That section provided that all officers elected in 1874 and all officers in office at the time of the ratification of the constitution, except such as hold under statutes, should continue in office until their terms as fixed by the constitution as then of force should expire; but it has no bearing upon appointees to fill vacancies occurring subsequent to the ratification of the constitution of 1875.

Nor is this provision inconsistent with the idea that sheriffs elected shall hold for four years. The convention, while maintaining the integrity of terms then filled, and securing the full tenure as to time of officers thereafter elected, might well provide a shorter term for, or an earlier period for the expiration of the term of, an officer appointed to fill a vacancy. This, in our opinion, was done by the last clause of section 26, any statute to the contrary notwithstanding; and it follows that the term of office of the appointee White expired so soon after the August election of 1896 as Dowling, who was then elected, qualified to enter upon his duties as sheriff of Dale county. The circuit court erred in adopting the contrary view, and its judgment must be reversed. The cause is remanded.

Reversed and remanded.