In the Matter of the Application of SAMUEL MITCHELL, Respondent, for an Order Directing EDWARD F. BOYLE et al., Constituting the Board of Elections of the City of New York, to Receive and File a Certain Certificate of Nomination for the Office of Sheriff of the County of Queens.

REPUBLICAN COUNTY COMMITTEE OF THE COUNTY OF QUEENS, Appellant.

Sheriff — vacancy in office between the fifteenth of October and the general election in November following — such vacancy should be filled at a special election called for that purpose.

Where a vacancy occurs in the office of sheriff between the fifteenth of October and the general election day in November following, it cannot be filled at that election, but a special election should be called for that purpose, of which not less than thirty or more than forty days' notice must be given. (Const. art. 10, §§ 1-5; County Law [Cons. Laws, ch. 11], § 180, subd. 2; Public Officers Law [Cons. Laws, ch. 47], § 38; Election Law [Cons. Laws, ch. 17], § 292, as amd. by L. 1911, ch. 891, § 62.) (*People ex rel. Davies* v. *Cowles*, 13 N. Y. 350, distinguished.)

*Matter of Mitchell* v. *Boyle*, 175 App. Div. 905, reversed.

(Argued November 1, 1916; decided November 3, 1916; opinion handed down November 28, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

October 27, 1916, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the board of elections of the city of New York to receive and file a certificate of the nomination of Samuel J. Mitchell as candidate for the office of sheriff of Queens county to be voted for at the general election of 1916.

The object of the proceeding was to obtain a final judicial determination of the question whether an existing vacancy in the office of sheriff of Queens county caused by the death of the incumbent on the 23d of October, 1916, was to be filled at the general election on the 7th of November, 1916.

The appeal was argued orally and the case was taken under advisement on November 1st. The necessity of an early decision precluded the preparation of. an opinion prior to its rendition. On the 3d of November this court reversed the order of the Appellate Division, with costs, and denied the application for a peremptory writ of mandamus, stating briefly in a syllabus the grounds of the decision and announcing that an opinion would be handed down at the session beginning on November 20, 1916. This opinion follows.

Further facts are stated in the opinion.

*Leander B. Faber, Charles H. Street* and *Edgar F. Hazleton* for appellant. The vacancy in the office of sheriff here in question having occurred subsequent to the 15th day of October, 1916, to wit, on October 23, 1916, cannot be filled at the general election to be held on November 7, 1916, but only at a special election held in pursuance of section 292 of the Election Law or at the general election to be held in the year 1917. (*People ex rel. Killeen* v. *Angle,* 109 N. Y. 564; *Rosenplanter* v. *Roessle,* 54 N. Y. 265.)

*Philip Frank* for respondent. The provisions of section 292 of the Election Law do not apply to the case at

bar, the office of sheriff and the time and manner of the election of sheriffs ordinarily and in all cases of vacancy being provided for by the New York State Constitution, section 1, article 10, and the election of a sheriff to fill the vacancy must be held at the next ensuing general election to be held November 7, 1916. (Const. of N. Y. art. 10, § 1; *People ex rel. Gallup* v. *Green*, 2 Wend. 266; *People ex rel Kehoe* v. *Fitchie*, 76 Hun, 80; *Matter of Markland* v. *Scully*, 203 N. Y. 158; *People ex rel. Howard* v. *Supervisors*, 42 App. Div. 510; *People ex rel. Howard* v. *Wende*, 53 N. Y. Supp. 1039; *People ex rel. Smith* v. *Fisher*, 24 Wend. 215; *People ex rel. Hatfield* v. *Comstock*, 78 N. Y. 356; *People ex rel. Weller* v. *Townsend*, 102 N. Y. 430; *People ex rel. Henderson* v. *Snedeker*, 14 N. Y. 52; *People ex rel. Davies* v. *Cowles*, 13 N. Y. 350.)

*Lamar Hardy, Corporation Counsel* (*William E. C. Mayer* and *Terence Farley* of counsel), for Board of Elections of City of New York. The successor of the deceased sheriff should be elected at the general election for the year 1916. (*People ex rel. Kehoe* v. *Fitchie*, 76 Hun, 80.)

WILLARD BARTLETT, Ch. J. A vacancy occurred in the office of sheriff of Queens county on the 23d day of October, 1916, by the death of Paul Stier, who had been elected sheriff in 1915 and had duly qualified and was discharging the duties of the office at the time of his death. The question at once arose, when and how was this vacancy to be filled? The courts below held that it should be filled at the general election immediately ensuing, namely, on November 7, 1916. We have reached a different conclusion.

In the first place it is to be noted that there is no express provision of law, constitutional or statutory, which requires the vacancy to be filled at the next general election after it occurs. In this respect the present case

differs essentially from *People ex rel. Davies* v. *Cowles* (13 N. Y. 350) which will be considered more fully later.

In order to facilitate the examination of the question before us, let us group together those provisions of the Constitution and the general statutes of the state involved in its determination.

Section 1 of article X of the Constitution provides that sheriffs "shall be chosen by the electors of the respective counties once in every three years, and as often as vacancies shall happen," except in the counties of New York and Kings and in counties whose boundaries are the same as those of a city.

Section 5 of article X of the Constitution reads as follows: "The Legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy."

Pursuant to the authority thus conferred upon it, the legislature has provided that the governor may appoint "a sheriff, or a coroner, when a vacancy shall occur in either of such offices, and the person so appointed shall hold the office until and including the last day of December succeeding the first annual election thereafter." (County Law [Cons. Laws, ch. 11], § 180, subd. 2.)

By the Public Officers Law [Cons. Laws, ch. 47] (§ 38) it is provided: "The term of office of an officer appointed, to fill a vacancy in an elective office, shall be until the commencement of the political year next succeeding the first annual election after the happening of the vacancy, if the office be made elective by the Constitution."

Other statutory provisions of vital import here are the following from section 292 of the Election Law (Cons. Laws, ch. 17), as amd. by L. 1911, ch. 891, § 62, which section is entitled "Filling vacancies in elective offices:"

"A vacancy occurring before October fifteenth of any

year, in any office authorized to be filled at a general election, shall be filled at the general election held next thereafter, unless otherwise provided by the constitution, or unless previously filled at a special election. Upon the failure to elect to any office, except that of governor or lieutenant-governor, at a general or special election, at which such office is authorized to be filled, or upon the death or disqualification of a person elected to office before the commencement of his official term, or upon the occurrence of a vacancy in any elective office which cannot be filled by appointment for a period extending to or beyond the next general election at which a person may be elected thereto, the governor may in his discretion make proclamation of a special election to fill such office, specifying the district or county in which the election is to be held, and the day thereof, which shall be not less than thirty nor more than forty days from the date of the proclamation."

If the death of Sheriff Stier had occurred prior to the 15th day of October last it would be clear that under this statute the vacancy would have had to be filled at the general election of this year. The sheriff did not die, however, until the 23d of October, and consequently the case does not fall within the purview of the first clause of the section quoted. No express provision is made in the section for filling a vacancy which shall occur after the 15th of October but before the general election, except so far as this contingency is provided for in the authority conferred upon the governor to order a special election under such circumstances.

The constitutional requirement that sheriffs shall be chosen by the electors of the respective counties "as often as vacancies shall happen" does not mean that such vacancies may not be filled temporarily by the governor, nor does it mean that such a vacancy must be filled by election as soon as it happens. (*People ex rel. Smith* v. *Fisher,* 24 Wend. 215, 219.) In the case cited the old Supreme Court was called upon to consider the valid-

ity of a statute empowering the governor in every case where a vacancy should occur in the office of sheriff or county clerk to appoint some fit person to execute the duties of the office until it should be supplied by an election. It was argued that this statute was in conflict with the Constitution, which then provided, as it now provides, that sheriffs and clerks of counties shall be chosen by the electors once in every three years and as often as vacancies shall happen. Mr. Justice BRONSON, writing for the court, felt no difficulty in pronouncing the law valid. He pointed out that the legislature at first provided for special elections to supply vacancies in those offices; but as it was found inconvenient to have elections for county officers oftener than once in each year, the law was altered so as to provide for filling the vacancies at the general election next succeeding the happening thereof — a provision which has since been repealed. "There must of necessity," said Judge BRONSON, "be an interval of time between the death, resignation or removal of the incumbent, and the filling of the vacancy by the electors; and it is essential to the public welfare that some person should in the meantime discharge the duties of the office. * * * The language of the Constitution is not, that the office shall be filled by election *in every possible case,* nor that a vacancy shall be supplied in that manner as *soon* as it happens; but the language is, that vacancies shall be supplied by election as *often* as they happen." (See *People ex rel. Hatfield* v. *Comstock,* 78 N. Y. 356.)

No opinion was written by the Appellate Division in the present case. The opinion of the learned judge who heard it at Special Term, however, clearly shows the theory on which he granted the application. Referring to the requirement of the Constitution that sheriffs shall be chosen by the electors of the county as often as vacancies shall happen, he held that there was abundant time and opportunity to fill the existing vacancy at the approach-

ing election, declaring that the best conceptions of our government are subserved by returning a vacancy in an elective office to the people at the earliest practicable date.

Without questioning this general principle, we think that the determination as to what constitutes the earliest practicable date in such a case as this has been confided by the Constitution to the legislature. As has been pointed out, there is no express constitutional command that a vacancy in the office of sheriff shall be filled at the next general election after it occurs; and it is apparent from his opinion that the learned Special Term judge would not have decided as he did, if the death of the sheriff had occurred so near election day as to render it impossible to notify the electors of the vacancy. In every case where a vacancy in the office of sheriff occurs between the 15th of October and election day, it cannot have been intended that the question whether such vacancy was to be filled at the immediately ensuing election should be dependent upon a judicial ascertainment of the fact that there was time to give reasonable notice to the electors. Every such vacancy would give rise to doubt which would have to be settled by a proceeding in court.

Considering them altogether, the intent of the constitutional and statutory provisions applicable to the contingency which has arisen in Queens county seems tolerably plain. First and foremost is the command of the Constitution that vacancies in the office of sheriff shall be filled by election. As we have already seen, this does not prevent the legislature from authorizing the governor to make a temporary appointment to fill a vacancy in the office of sheriff. (*People ex rel. Smith* v. *Fisher, supra.*) The vacancy, nevertheless, is to be filled by election, as soon as may be, after it occurs. The Constitution, however, when it provides for an election, means an election of which adequate notice may be given to the voters. Any other election would be little better than a political mockery. (*People ex rel. Deitz* v. *Hogan*, 214 N. Y. 216.)

In the case of vacancies not expressly and completely dealt with in the Constitution itself, it has left the question of what constitutes adequate notice to the legislature. A vacancy is not to be filled at an election where such notice cannot be given. The legislature has determined, by necessary implication, in the enactment of section 292 of the Election Law, that where a vacancy occurs after the 15th of October sufficient notice cannot be given that it will be filled at the general election immediately ensuing. Under such circumstance, it becomes the duty of the governor to order a special election so that the vacancy may be filled by the voters before, or as soon as possible after, his temporary appointment of a sheriff terminates by reason of the constitutional limit of its duration — namely, the beginning of the next political year. It is true that the statute empowers him to order a special election " in his discretion; " but this statutory qualification cannot prevail against the command of the Constitution that a vacancy in the office of sheriff shall be filled by election as soon as may be, consistently with the ability to give adequate and reasonable notice to the electors. Hence, where the vacancy happens between the 15th of October and general election day, a special election, of which not less than thirty nor more than forty days' notice must be given, should be called to fill it.

It is to be observed that special elections are no novelty in our system of state government. Prior to the enactment of the Revised Statutes, vacancies in the office of sheriff and county clerk were filled at such elections (See *People ex rel. Smith* v. *Fisher, supra*); and by the Revised Statutes it was provided: " If a vacancy proper to be supplied at a general election, shall not have been supplied at the general election next succeeding the happening thereof, a special election to supply such vacancy shall then be held." (1 R. S. ch. VI, title 2, § 9.) If this provision had been transferred to the Election Law, without making the exercise of the power to call a

special election discretionary in the governor, it would have precisely covered the case in hand; but reading section 292 of the Election Law in connection with the Constitution, the requirement to call a special election under the circumstances of the present case is really mandatory.

The case of *People ex rel. Davies* v. *Cowles* (13 N. Y. 350) is not an authority for the respondent. It is readily and essentially distinguishable from the case at bar. In that case there was an express provision of the Constitution commanding that when the office in question became vacant it should be filled at the next general election. We have nothing of that sort here. On the 23d of October, 1855, the death of Robert H. Morris caused a vacancy in the office of justice of the Supreme Court in the first judicial district. The Constitution as then in force provided as follows: "In case the office of any Judge of the Court of Appeals, or Justice of the Supreme Court, shall become vacant before the expiration of the regular term for which he was elected, the vacancy may be filled by appointment by the Governor, until it shall be supplied at the next general election of Judges, when it shall be filled by election for the residue of the unexpired term." (Const. of 1846, art. VI, § 13.) The Revised Statutes contained a provision, also then in force, requiring the secretary of state to give notice of such a vacancy, if it occurred prior to the 15th of October (1 R. S. [4th ed.] 340, § 4); but as the vacancy did not occur until after that date, he gave no notice thereof. Nevertheless, at the general election (which was a general election of judges) on November 6, 1855, nearly 50,000 electors of the first judicial district voted for "Justice of the Supreme Court, short term, to fill a vacancy." A plurality of these votes having been cast for Henry E. Davies, the Court of Appeals, reversing the New York General Term by a vote of five to three, held that these facts established *prima facie* the election of Henry E. Davies to fill the vacancy in the Supreme Court caused by the death of Mr. Justice MORRIS.

While the reasoning of the prevailing opinion in the *Cowles* case would have equally upheld an election to fill a vacancy in the Supreme Court which occurred only the day before election, it is impossible to resist the conviction that the court was influenced by the fact that the four leading political parties of the day had *actual notice* of the vacancy in time to nominate candidates and place their ballots in the hands of the voters, nearly 50,000 of whom actually participated in the election. Thus the essential rights of the voters had been in fact preserved. It may be doubted whether the result would have been the same if it had appeared that the vacancy occurred too late to permit of any real notice to the electorate. However this may be, the possible consequences of the decision were seen to be so serious that the constitutional provisions concerning vacancies in the Supreme Court and Court of Appeals have been changed so that now a vacancy in either of those tribunals must occur not less than three months before a general election in order to be filled at such election. (Const. art. VI, §§ 4, 8.)

From what has been said we think it has been made plain that the point involved in *People ex rel. Davies* v. *Cowles* (*supra*) differs essentially from that involved in the present case and that the doctrine of that decision does not control the disposition of this appeal. In the other cases relied upon by the respondent we find no decision of authority which is opposed to our conclusion in this case, namely, that upon the facts disclosed by the record the existing vacancy in the office of. sheriff of Queens county was not required or authorized to be filled at the general election of 1916.

HISCOCK, CHASE, COLLIN, HOGAN, CARDOZO and POUND, JJ., concur.

Order reversed, etc.