PEOPLE ex rel. ELDERT E. CONKLIN, Relator, *v*. EDWARD F. BOYLE et al., as and Constituting the Board of Elections of The City of New York, Defendants.

(Supreme Court, Kings Special Term for Motions, January, 1917.)

Mandamus — who may apply for a writ of — what is the proper remedy to have determined the legality of a special election for sheriff — what does not prevent the issuance of the writ.
Election Law, § 292 — provisions of, relating to vacancies in any office occurring before October fifteenth of any year — when special election may be called.
Public Officers Law — conflict between it and County Law must be resolved in favor of latter.
County Law, § 180(2) — authorization by the governor to appoint a sheriff when vacancy occurs in the office — constitutional law — Election Law.
Constitutional law — provision of Constitution in relation to the election of sheriff to fill a vacancy — special elections — when provisions of Constitution and statutes are not nullified by a special election to fill a vacancy.

A citizen of the state who is a resident of the particular county has such an interest as entitles him to apply for a writ of mandamus, the proper and only available remedy, to have determined the legality of a special election for sheriff, as directed by the governor of the state, on the claim that there is no legal authority for the holding of such an election.

Mandamus being the proper and only remedy available, the fact that it seeks to prevent the doing of a ministerial act and not to compel its performance does not prevent the issuance of the writ.

Under section 292 of the Election Law, which provides that upon a vacancy occurring before October fifteenth of any year in any office authorized to be filled at the next general election unless, etc., or that upon the death of a person elected to office before the commencement of his official term, or upon the occurrence of a vacancy in any elective office which cannot be filled by appointment for a period extending to or beyond the next general election, the governor may in his discretion make proclamation of a special election to fill such office, the gov-

ernor may call a special election to fill a vacancy caused by the death of a sheriff after October 15, 1916, only in case he is without authority to fill the vacancy by an appointment which would hold until the end of the year 1917.

The provisions of the Public Officers Law are general, while those of the County Law are special, and any conflict between them must be resolved in favor of the County Law.

Section 180 (2) of the County Law, which authorizes the governor to appoint a sheriff when a vacancy occurs in the office and provides that the person so appointed shall hold the office until and including the last day of December succeeding the first annual election thereafter at which such vacancy can be lawfully filled, is a reasonable exercise of the constitutional authority (State Const. art. X, §§ 4, 5) to prescribe the time of electing sheriffs and to provide for filling vacancies, and unless said section violates some constitutional provision it is controlling over section 38 of the Public Officers Law which provides that the term of one appointed to fill a vacancy in an elective office shall be until the commencement of the political year next succeeding the first annual election after the happening of the vacancy, if the office be made elective by the Constitution, which said section 38 but for said section 180 (2) of the County Law would apply to sheriffs and limit the power of appointment to fill a vacancy to the term ending the first year following any general election regardless of whether the office could be lawfully filled thereafter.

Said section 180 (2) of the County Law is, however, contrary to the constitutional provision (State Const. art. X, § 5) that no person appointed to fill a vacancy in an elective office shall hold his office " longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy," and the governor cannot appoint a sheriff to fill a vacancy caused by death after October fifteenth preceding a general election to hold for a term beyond the first of the next January.

That the constitutional provision (Const. Art. X, § 1), that an election of a sheriff to fill a vacancy shall be for the full term of three years, would require a special election triennially does not nullify the provisions of the Constitution and statutes requiring a special election to fill the vacancy.

APPLICATION for a writ of mandamus.

F. H. Van Vechten, for relator.

Lamar Hardy, Corporation Counsel (Henry S. Johnston, of counsel), for defendants.

Gregg & Frank, for Samuel J. Mitchell.

CROPSEY, J. The relator is a taxpayer in Queens county and applies for a writ of mandamus to direct the board of elections to cease and refrain from taking any proceeding to hold a special election for sheriff in Queens county ·on January 23, 1917, as directed by the proclamation of the governor of this state. The application is based upon the claim that there is no legal authority for the holding of such an election.

The former sheriff of Queens county died on October 23, 1916, and the Court of Appeals has held (*Matter of Mitchell* v. *Boyle,* 219 N. Y. 242) that the vacancy thus caused could not be filled at the general election held in November, 1916. The question raised in the present proceeding is whether the vacancy can properly be filled in the special election which has been ordered, or whether it should be filled at the general election in November, 1917.

Relator, as a citizen of the state and a resident of the county of Queens, has such an interest in this matter as entitles him to maintain a proper proceeding to have it determined. *People ex rel. Daley* v. *Rice,* 129 N. Y. 449; *People ex rel. Waller* v. *Supervisors of Sullivan County,* 56 id. 249, 252, 253; *People ex rel. Stephens* v. *Halsey,* 37 id. 344. But the corporation counsel claims that mandamus is not the proper proceeding. None of the cases cited in support of this contention is authority for the proposition advanced. *People ex rel. Lehmaier* v. *Interurban St. R. Co.,* 177 N. Y. 296, merely held that a private citizen, having

no grievance of his own but merely claiming to act on behalf of the public, was not entitled to a mandamus to compel a street railroad corporation operating different lines to issue transfers. *People ex rel. Security Trust Co.* v. *Treasurer of Monroe County,* 121 App. Div. 84, was reversed by the Court of Appeals (191 N. Y. 15), and the mandamus which the Appellate Division held should not issue was granted. In *Matter of Dental Society* v. *Jacobs,* 103 App. Div. 86, mandamus was refused to compel the county clerk to expunge from the official records of his office the registration of a dentist which had been illegally filed. This decision was put on the sole ground that there was no duty resting on the county clerk to take any action whatsoever in the premises. In *People ex rel. Apfel* v. *Casey,* 66 App. Div. 211, the determination of the physical fitness of the relator to be appointed on the police force was held to be a judicial one, and hence of course it could not be reviewed by mandamus. These are the only cases cited by the defendants and there is nothing in any of them to justify holding that mandamus would not be the proper remedy in the present matter, if the relator's claim, that this special election is illegal, is well founded.

On the contrary, there are a number of authorities which justify the application for such a writ. The action of the board of elections is purely ministerial and that board has a duty to perform, if the proclamation of the governor finds warrant in law. Mandamus is the only remedy which could be had to prevent the election if it should be held to be illegal. Prohibition would not lie as the action of the board of elections is not judicial. And it is at least probable, if not certain, that injunction will not lie as there is no basis for it. That mandamus is the proper remedy, see *People ex rel. Howard* v. *Supervisors of Erie County,* 42 App.

Div. 510; affd., 160 N. Y. 687; *People ex rel. Daley* v. *Rice,* 129 id. 449, 460; *People* v. *Supervisors,* 73 id. 173; *People ex rel. Russell* v. *Bd. of Canvassers,* 46 Hun, 390; *Matter of Lewis* v. *Board of Parole for State Prisons,* 220 N. Y. 8.

The only claim that could be urged that mandamus is not the proper remedy in this instance is that it in effect seeks to prevent the doing of an act, and not to compel its performance, but such relief by mandamus must be obtainable, at least in exceptional cases, where it is the only remedy available. The law is well settled that in special cases, where it is justified, a mandatory injunction may issue, although the usual office of that writ is to restrain and not to command direct action. *Hanover F. Ins. Co.* v. *Germania F. Ins. Co.,* 33 Hun, 539, 541; *Corrigan* v. *Coney Island Jockey Club,* 27 Abb. N. C. 294. There is no more objection in reason nor upon principle to a negative mandamus than there is to a mandatory injunction.

The cases already cited show that such mandamuses have been granted. In *People ex rel. Daley* v. *Rice, supra,* a mandamus issued directing the board of canvassers to disregard a certificate. In *People ex rel. Russell* v. *Board of Canvassers, supra,* mandamus was ordered directing the board " not to canvass " certain returns (p. 393). In *Matter of Lewis* v. *Board of Parole, supra,* the Court of Appeals directed the issuance of a writ of mandamus to compel the board to reconsider its action and not to grant the application which had been made to it for a parole.

The cases such as *People ex rel. Faile* v. *Ferris,* 16 Hun, 219; affd., 76 N. Y. 326, and *People ex rel. Requa* v. *Neubrand,* 32 App. Div. 49, are not in conflict with these views. They merely hold that the title to office must be determined in an action of quo warranto and that that remedy is exclusive. Of the correctness

of this there.can be no doubt. *People ex rel. McLaughlin* v. *Police Commissioners,* 174 N. Y. 450; *People ex rel. Corscadden* v. *Howe,* 177 id. 499.

This application is based upon the claim that section 292 of the Election Law, which contains a provision for calling a special election, does not apply. The first part of that section reads as follows:

" §292. Filling vacancies in elective offices.—A vacancy occurring before October fifteenth of any year in any office authorized to be filled at a general election, shall be filled at the general election held next thereafter, unless otherwise provided by the constitution, or unless previously filled at a special election. Upon the failure to elect to any office, except that of governor or lieutenant-governor, at a general or special election, at which such office is authorized to be filled, or upon the death or disqualification of a person elected to office before the commencement of his official term, or upon the occurrence of a vacancy in any elective office which cannot be filled by appointment for a period extending to or beyond the next general election at which a person may be elected thereto, the governor may in his discretion make proclamation of a special election to fill such office, specifying the district or county in which the election is to be held, and the day thereof, which shall not be less than twenty nor more than forty days from the date of the proclamation."

The vacancy occurred after October fifteenth, so it could not be filled at the general election in 1916. *Matter of Mitchell* v. *Boyle,* 219 N. Y. 242. Whether this special election is authorized under this section depends on whether power exists to fill the vacancy by appointment " for a period extending to or beyond " the general election in 1917. If there is power to make such an appointment, no special elec-

24

tion can be proclaimed under this section. The relator contends that a valid appointment could be made to fill the vacancy, which appointment would continue until the end of the year 1917. In support of this contention, he refers to subdivision 2 of section 180 of the County Law. That section reads in part as follows:

" § 180. Election, appointment and terms of office of sheriffs and coroners, and the undertakings of sheriffs.— There shall continue,

" 1.    *    *    *

" 2. To be appointed by the governor, a sheriff, or a coroner, when a vacancy shall occur in either of such offices, and the person so appointed shall hold the office until and including the last day of December succeeding the first annual election thereafter, at which such vacancy can be lawfully filled."

As the first annual election at which the vacancy can lawfully be filled will be the general election in 1917, this section seems to give the power to make an appointment to continue to the end of the year 1917. But section 38 of the Public Officers Law is in conflict with this provision of the County Law. That section reads in part as follows:

" § 38. Terms of officers chosen to fill vacancies. *    *    * The term of office of an officer appointed to fill a vacancy in an elective office, shall be until the commencement of the political year next succeeding the first annual election after the happening of the vacancy, if the office be made elective by the constitution, or at which the vacancy can be filled by election, if the office be otherwise made elective."

As the office of sheriff is made elective by the Constitution (Art. X, § 1), this provision would limit the term for which an appointment could be made to fill the vacancy in question to the end of the year 1916,

for the political year is defined as commencing on the first day of January. Const. art. X, § 6. The provisions of the Public Officers Law are general, while those of the County Law are special. The conflict between such statutes must be resolved in favor of the legislation which is specific (*State ex rel. Easterling* v. *Rankin,* 33 Neb. 266; *People ex rel. Fowler* v. *Wells,* 11 Cal. 329; *Dowling* v. *White,* 116 Ala. 306; *State ex rel. Crawford* v. *McGregor,* 44 Ohio St. 628); and so the provision of the County Law must be held effective unless it violates some provision of the Constitution.

The Constitution provides for the election of sheriffs " once in every three years and as often as vacancies shall happen." Art. X, § 1. The time of electing sheriffs " shall be prescribed by law." Art. X, § 4. Section 5 of article X reads:

" § 5. The Legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy."

Under these provisions the legislature has the power to provide for the filling of vacancies in the office of sheriff. But that power is restricted by the limitations contained in the Constitution. One of these limitations is that a vacancy in such office must be filled by an election (§ 1). This does not mean that the vacancy must be so filled at once. Any reasonable provision which the legislature might make regarding this matter would be upheld. When the statute provided that such a vacancy should be filled at the next annual election, although that might be a year after the occurrence of the vacancy, the courts upheld the validity of the provision. *People ex rel. Smith* v. *Fisher,* 24

Wend. 215, 219, 220; *People ex rel. Henderson* v. *Sne-deker,* 14 N. Y. 52. And the present provision of the Election Law (§ 292) providing that vacancies in an office such as sheriff occurring before October fifteenth shall be filled at the following general election, and so impliedly holding that vacancies occurring after that date and before election day shall not be filled at that election, is a reasonable and valid enactment. *Matter of Mitchell* v. *Boyle,* 219 N. Y. 242. If the limitation expressed in section 5 of article X of the Constitution did not exist, it seems clear under the authorities cited that the provisions of the County Law (§ 180) would be upheld as a reasonable exercise of legislative authority to provide for the filling of vacancies, that the vacancy could be filled by appointment till the end of 1917, and the new sheriff be elected at the general election in that year.

But section 5 does impose a restriction upon the power of the legislature. It clearly and definitely provides that no person appointed to fill a vacancy in an elective office (and the office of sheriff is elective) shall hold his office " longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy." That is the same as saying in this case that no person appointed to fill a vacancy could hold his office under such appointment beyond the 31st of December, 1916.

The relator contends that this section should be read as though the annual election referred to was not the one first occurring after the happening of the vacancy but was the first one so occurring at which the vacancy could be filled. But there seems to be no warrant for such a contention, nor for placing such a construction upon this section. The language is neither doubtful nor ambiguous. It is plain and unequivocal. Moreover it has been construed in a number of cases and

uniformly held to mean just what it says, that is, as applied to this case, that no appointment would be valid after the 31st of December, 1916. *People* v. *Keeler,* 17 N. Y. 370; *People ex rel. Weller* v. *Townsend,* 102 id. 430, 439; *People ex rel. Howard* v. *Supervisors of Erie County,* 42 App. Div. 510; affd., 160 N. Y. 687; *Matter of Markland* v. *Scully,* 203 id. 158, 165, affg. 146 App. Div. 350.

As no appointment can be made which will hold until or after the general election in 1917, the provisions of section 292 of the Election Law which have been quoted above apply. They authorize the governor, "in his discretion," to proclaim a special election. In *Matter of Mitchell* v. *Boyle,* 219 N. Y. 242, this provision was held to be mandatory, notwithstanding it is said to be discretionary and notwithstanding the further fact that the words "in his discretion" did not originally appear in that section, but were inserted by an amendment in place of the word "shall." Laws of 1907, chap. 119. But as the governor has issued his proclamation, this question is not now before the court.

This application has been considered without reference to that portion of the opinion in *Matter of Mitchell* v. *Boyle, supra,* which says that a special election should be held. The actual decision in that case was merely that the vacancy could not be filled at the general election in 1916. All that was said outside the discussion on that question was upon a point not raised. The conclusion now reached, however, is in accordance with the views there expressed, though perhaps it should be noted that there is no provision either of Constitution or statute that requires the vacancy to be filled by election " as soon as may be, after it occurs," as therein stated. P. 248.

On the question of the power of appointment and the construction of constitutional provisions similar to

the one in question, see full notes in 50 L. R. A. (N. S.) 336, 359.

The relator further contends that if a special election is had, the person then elected will hold the office of sheriff for a full term of three years, and that his successor could not be chosen at a general election, but that special elections would have to be held triennially. It is the law that a person elected to fill a vacancy in the office of sheriff does not hold merely for the unexpired portion of the term. His election is for a full term of three years. Const. art. X, § 1; *People ex rel. Gallup* v. *Green,* 2 Wend. 256; *Coutant* v. *People,* 11 id. 511; *People ex rel. Weller* v. *Townsend,* 102 N. Y. 430.

Whatever the effect of this may be when the term of the person so elected terminates, it certainly cannot be a reason for nullifying the provisions of the Constitution and statutes. A special election has been ordered. The governor had the power under the conditions to issue his proclamation. The election must take place and the application of the relator must be denied.

Application denied.