PEOPLE ex rel. CHARLES BAST, Relator, *v.* JOHN
R. VOORHIS et al., Respondents.

(Supreme Court, Kings Special Term for Motions, September,
1919.)

Office and officers — expiration of term of office of sheriff of Queens
    county elected at special election — County Law, § 180 —
    Public Officers Law, § 4.

    The term of one elected sheriff of Queens county at the
    special election held on January 23, 1917, to fill a vacancy in
    the office caused by the death of a former incumbent, does not
    expire until January 23, 1920, and there is no vacancy in said
    office which can be filled at the general election to be held on
    November 4, 1919.

    The provisions of section 4 of the Public Officers Law and
    section 180 of the County Law, which in substance provide that
    the term of a sheriff elected at a general election shall commence
    on the first day of January next after his election, are legal
    obstacles to the election of a sheriff for Queens county at the
    general election to be held November 4, 1919.

Motion for a peremptory writ of mandamus.

George F. Alexander, for relator.

Charles W. Froessel, for Sheriff Mitchell.

William P. Burr, corporation counsel (George P. Nicholson, William E. C. Mayer and Russell L. Tarbox, of counsel), for board of elections.

Pressinger, Newcombe, Cunningham & Wigg (Richard P. Newcombe and Elmer E. Wigg, of counsel), for William N. George.

Faber, J.   This is an application for a peremptory writ of mandamus directing and requiring the board of elections of the city of New York, in the making and preparation of the notice of, and the ballots, stationery and other paraphernalia to be used at the general election to be held within the county of Queens on November 4, 1919, to disregard all the names of purported candidates for the office of sheriff and to prepare said notice, ballots, stationery and other paraphernalia in such manner that the title of the office of sheriff for the county of Queens and the names of William N. George as a candidate of the Democratic party, Fred C. Pearson as a candidate of the Republican party, and any other persons as candidates shall not appear thereon.

All the parties seem to agree in treating the questions involved as questions of law, as no point is made that certain allegations of fact contained in the petition are denied; there is therefore no obstacle to a decision upon the merits.

The relator, a taxpayer in Queens county, bases his application for the writ of mandamus on the ground that there is no vacancy in the office of sheriff of Queens county which can be filled at the ensuing gen-

eral election and consequently, an election for that office will involve needless expense. Counsel for the respondent William N. George, the Democratic candidate, contends that the term of Samuel Mitchell, who was elected sheriff at a special election held on January 23, 1917, to fill a vacancy caused by the death of Paul Stier, a former incumbent, should be adjudged to terminate on December 31, 1919, and accordingly this application should be dismissed. The corporation counsel, appearing on behalf of the board of elections, while not expressing any definite opinion as to the date when the term of the present incumbent expires, agrees with the contention of counsel for the respondent George, that the application should be denied and that a sheriff should be elected at the ensuing general election, even though the successful candidate at such election may not be entitled to take office until January 23, 1920. Counsel for the present incumbent of the office concurs in the claim of the relator and asks that the writ issue.

Different phases of the general question involved have been considered by the courts in *Matter of Mitchell* v. *Boyle,* 219 N. Y. 242; *People ex rel. Conklin* v. *Boyle,* 98 Misc. Rep. 364; 178 App. Div. 908; *Matter of Mitchell* v. *Prendergast,* Id. 690; 222 N. Y. 543; *People ex rel. Lempp* v. *Voorhis,* 185 App. Div. 939; 224 N. Y. 633.

In *Mitchell* v. *Boyle, supra,* the only question actually decided was that the vacancy caused by the death of Sheriff Stier could not be filled at the general election of 1916.

In *People ex rel. Conklin* v. *Boyle, supra,* the Special Term upheld the validity of a special election which was ordered by the governor to fill the vacancy caused by Sheriff Stier's death, and denied an application for a writ of mandamus to direct the board of elec-

tions to cease and refrain from taking any proceeding to hold such special election, and such decision was affirmed by the Appellate Division on the grounds (1) That the writ sought by the relator would be inoperative; (2) that the Court of Appeals had decided that the special election should be held and that it was the duty of the governor to order it.

In *Matter of Mitchell* v. *Prendergast, supra,* the Appellate Division held that the term of Sheriff Mitchell commenced to run from the date of his election, viz.: January 23, 1917, and not on January 1, 1918, and this decision was affirmed, without opinion, by the Court of Appeals.

In *People ex rel. Lempp* v. *Voorhis, supra,* the Special Term granted a writ of mandamus compelling the board of elections to print the ballots for the general election of 1918 so that they should not contain the names of any candidates for the office of sheriff of Queens county, the ground of the decision apparently being that there was no vacancy in the office of the sheriff to be filled at such election, although the learned justice in his opinion stated that when the successor to the present sheriff is to be elected was not involved and had not been considered. This decision granting the writ was affirmed without opinion by the Appellate Division and the Court of Appeals.

Counsel for the respondent George, in the instant case, argues that the early cases of *People ex rel. Gallup* v. *Green,* 2 Wend. 266, and *Coutant* v. *People,* 11 id. 511, holding that a person elected to fill a vacancy in the office of sheriff does not hold merely for the unexpired portion of the term but that his election is for a full term of three years, were based entirely upon the peculiar wording of article IV of section 8 of the Constitution of 1821. He further

argues that the amendment of this portion of the Constitution in 1846, carried into the Constitution of 1894, was adopted with the sole view of obviating the practical difficulties caused by those decisions and that by reason of such amendment those decisions are no longer controlling. In support of this argument he refers to the notes of Croswell and Dutton on the proceedings of the Constitutional Convention of 1846.

In the *Conklin Case, supra,* the learned justice at Special Term cited with approval the *Gallup* and *Coutant Cases, supra,* and also the case of *People ex rel. Weller* v. *Townsend,* 102 N. Y. 430, upon the point of the duration of the term of a sheriff elected to fill a vacancy. It does not, however, seem to me that this point was properly involved in the *Conklin* case, and in view of the grounds for affirmance stated by the Appellate Division in that case (178 App. Div. 908) I do not think that the latter court necessarily approved that part of the opinion of the Special Term.

If the *Conklin* case were the only case in which the duration of the term of the present incumbent had been considered I would have no difficulty in agreeing with the contention of counsel for the respondent George which has been set forth above and denying the writ. The action of the Court of Appeals in affirming the decision in *People ex rel. Lempp* v. *Voorhis, supra,* however, seems to me to present an insuperable obstacle to any holding in this case that there is a vacancy in the office of sheriff which can be filled at the coming general election.

No argument can be adduced in favor of electing at the general election in the year 1919 which could not have been brought forward with equal or greater force in favor of electing a sheriff at the general election of 1918, and the Court of Appeals, in affirming the order granting the writ of mandamus in the *Lempp* case,

necessarily held that such an election could not take place in 1918. I cannot see any escape from the conclusion that under the decision in the *Lempp* case a special election for sheriff of Queens county must be held in January, 1920, and every three years thereafter. It may be that if the argument now so ably made by counsel for the respondent George, distinguishing the *Gallup* and *Coutant* cases, had been presented to the courts in the *Lempp* case the decision in that case would have been different.

The corporation counsel suggests in his brief that even though the term of the present incumbent of the office be held to continue until January 23, 1920, there is no legal obstacle to electing his successor at the coming general election. It seems to me, however, that such obstacle exists in the provisions of section 4 of the Public Officers Law and section 180 of the County Law, both of which provide in substance that the term of a sheriff elected at a general election shall commence on the first day of January next after his election. Obviously if a sheriff were elected at the coming general election his term could not commence on January 1, 1920, assuming, as seems to be the law according to the *Lempp* case, that the term of the present incumbent does not expire until January 23, 1920.

The removal of this obstacle, if it is to be removed, rests with the legislature. A special law could be enacted providing that in the county of Queens the term of office of a sheriff elected at a general election shall commence on the twenty-third day of January next after his election.

For the foregoing reasons I am constrained to grant the writ applied for, without costs.

Ordered accordingly.