Hon. Robert P. Lewis Town Attorney, Ledyard
This is in response to your letter requesting an opinion of the Attorney General as to whether a town board has the authority to appoint a person to the office of town justice until the time of the next general election, where no candidate was nominated for, or elected to, the office at the last general election. You further ask if the person elected at the next general election will serve a four-year term.
New York State Constitution, Article XIII, § 3, provides:
 "The legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy."
Public Officers Law, § 42, provides authority for the filling of vacancies in elective offices. There is no statutory authority to fill the present vacancy in the office of the town justice by appointment. However, where there has been a failure to elect, such as here, the Governor may proclaim a special election be held prior to the date of the next general election. Public Officers Law, § 42(3), provides in part:
 "3. Upon the failure to elect to any office, except that of governor or lieu tenant-governor, at a general or special election, at which such office is authorized to be filled * * * the governor may in his discretion make proclamation of a special election to fill such office, specifying the district or county in which the election is to be held, and the day thereof, which shall be not less than thirty nor more than forty days from the date of the proclamation."
Another procedure for holding a special election for the vacant elective office was outlined in the case of Matter of Roher v. Dinkins,32 N.Y.2d 180. The Court stated, at pages 188 and 189 that:
 "* * * It is axiomatic under our State Constitution that when a vacancy in elective office occurs, the vacancy must be filled by election in the shortest space of time reasonably possible. (People ex rel. Weller v. Townsend, 102 N.Y. 430; Matter of MacAdams v. Cohen, 236 App. Div. 361, affd. 260 N Y 559; Matter of Mitchell v. Boyle, 219 N.Y. 242.) It is true that section 42 (subd. 3) of the Public Officers Law vests discretion in the Governor to call a special election, but as we observed in Matter of Mitchell v. Boyle (supra, at p. 249) `this statutory qualification cannot prevail against the command of the Constitution that a vacancy * * * shall be filled by election as soon as may be, consistently with the ability to give adequate and reasonable notice to the electors.'"
The Court held that in a situation such as the present one, a proceeding may be commenced to obtain a judgment to compel the vacancy to be filled by a special election.
If neither of these procedures is employed, prior to the time of the next general election, at that time an election must be held pursuant to Public Officers Law, § 42(1), which provides:
 "1. A vacancy occurring before September twentieth of any year in any office authorized to be filled at a general election, except in the offices of governor or lieutenant-governor, shall be filled at the general election held next thereafter, unless otherwise provided by the constitution, or unless previously filled at a special election."
The town justice elected to fill the vacancy takes office as soon after Election Day as he files his oath of office and the Board of Canvassers finds and certifies his election (1969 Atty Gen [Inf Opns] 43). He will serve for the remainder of the four-year term of office that was to commence on January 1, 1978 (1938 Opns Atty Gen 99, copy enclosed herewith).
Accordingly, we conclude that where there has been a failure to elect a town justice, the office must be filled by holding an election and not by an appointment by the town board. A town justice elected in such an election serves for the remainder of the term of the unfilled office.