PUBLIC OFFICERS LAW §§ 4 (1), 42 (1); TOWN LAW § 64 (5).
1. If an elected town officer resigns after September 20 in an even-numbered year the vacancy is filled by appointment and unless the term will expire in the year in which the vacancy occurred the appointee will serve until the end of the following year.
2. If an elected town officer resigns before September 20 in an even-numbered year the vacancy is filled by appointment for the balance of the year and a successor is elected at the general election in November who will take office on the next January 1.
3. If a town board member resigns before September 20 in an even-numbered year and the town board does not appoint to fill the vacancy and an election is held to fill the vacancy, the winner will take office immediately upon the certification of the election by the board of canvassers and upon qualifying for the office.
Hon. Joseph A. McNamara Commissioner, Board of Elections White Plains
We acknowledge receipt of your request for a legal opinion on the following three situations:
 1. If a town board member resigns after September 20 in an even-numbered year and the town board appoints to fill the vacancy, when does the term of office expire?
 2. If a town board member resigns before September 20 in an even-numbered year and the town board appoints to fill the vacancy and an election is held to fill the vacancy for the remaining balance of the term, when does the winner take office, immediately or on January 1?
 3. If a town board member resigns before September 20 in an even-numbered year and the town board does not appoint to fill the vacancy and an election is held to fill the vacancy, when does the winner take office, immediately or on January 1?
The first two questions are answered by an informal opinion of this office published in 1976 Opns Atty Gen 158. In that opinion we concluded, and it is again our opinion that:
 1. If an elected town officer resigns after September 20 in an even-numbered year the vacancy is filled by appointment, and unless the term will expire in the year in which the vacancy occurred the appointee will serve until the end of the following year.
 2. If an elected town officer resigns before September 20 in an even-numbered year the vacancy is filled by appointment for the balance of the year and a successor is elected at the general election in November who will take office on the next January 1.
Under our form of government it is imperative that vacancies in elective public office be filled as soon as possible by an elected officer (Peo exrel. Weller v. Townsend 102 N.Y. 430 at p 439 [1886]; Matter of Wing v.Ryan 225 App. Div. 163 affd 278 N.Y. 710 [1938]; Matter of Ward v.Curran 266 App. Div. 524 affd 291 N.Y. 642 [1943]). Power to fill such vacancies by appointment temporarily and until an election can be conducted is an emergency power authorized because of the necessity for providing uninterrupted governmental service (Matter of Mitchell v. Boyle219 N.Y. 242 [1916]).
Town Law § 64 subdivision 5 authorizes a town board to fill vacancies in town office and specifies the maximum duration of the term of the appointee. It does not specify the time of commencement of the term. We find no provision of law fixing the time when an elective town officer shall take office after having been elected to fill a vacancy then existing if there could have been but was not a prior appointment to fill that office.
Public Officers Law § 42 subdivision 1 provides:
 "1. A vacancy occurring before September twentieth of any year in any office authorized to be filled at a general election, except in the office of governor or lieutenant-governor, shall be filled at the general election held next thereafter, unless otherwise provided by the constitution, or unless previously filled at a special election."
Public Officers Law § 4 subdivision 1 provides:
 "The term of office of an elective officer, unless elected to fill a vacancy then existing, shall commence on the first day of January next after his election, if the commencement thereof be not otherwise fixed by law."
The date September 20 has been selected as a date on or after which, if a vacancy occurs in an office, it is too late to select candidates to run to fill the vacancy at the general election to be held in that year. The reason for this is the difficulty of acquainting the public with the fact that the office is to be filled and for candidates seeking nomination and election to make themselves and their positions known to the electorate (Matter of Mitchell v. Boyle 219 N.Y. 242 [1916]). A vacancy occurring prior to September 20 should be filled by appointment and the term of office of the appointee will expire on December 31 of that year. However, if the appointing authority fails to act we feel that the winner at the general election would take office immediately; there is no time fixed by statute for the commencement of the term in an elective town office when a vacancy occurred in that office prior to September 20 in an even-numbered year and the town board fails to fill the office temporarily by an appointment but an officer was elected at the general election in that year to fill the unexpired term (Matter of Mitchell v.Prendergast 178 App. Div. 690 [1917]; Joseph v. Corsi 277 App. Div. 351
[1950]). The provisions of Public Officers Law § 4
subdivision 1 referring to commencement of the term on January 1 are not applicable because the statute itself states that it does not apply when the officer is elected to fill a vacancy.
In response to your third question it is our opinion that:
 3. If a town board member resigns before September 20 in an even-numbered year and the town board does not appoint to fill the vacancy and an election is held to fill the vacancy, the winner will take office immediately upon the certification of the election by the board of canvassers and upon qualifying for the office.