ATTORNEY GENERAL ex rel. JOSEPH SCHANTZ,

*vs.*

## GUSTAVUS BRUNST.

As a general rule, when constitutional provisions, or statutes, which have been adopted by us, and which, previous to such adoption had been made the subject of judicial construction, it is to be presumed that such judicial construction was adopted with the particular provision.

Section 4 of article 6 of the Constitution of this State, fixes the term of the office of sheriff at a period of two years; which term cannot be shortened by the legislature.

When a person is legally *elected* to fill a vacancy which has occurred in the office of sheriff, he does not hold during the unexpired term of his predecessor merely, but for the constitutional term of two years.

The word "vacancy" as used in the Constitution refers to the *office* and not to the *term* for which the incumbent was elected.

Where the Constitution has prescribed the term of office, it is not in the power of the legislature to prolong or diminish it.

This was an information in the nature of a *quo warranto,* filed by the Attorney General against the respondent, Gustavus Brunst, requiring him to appear and show by what warrant, &c., he assumed to hold and perform the duties and functions of the office of sheriff of Washington county. The facts are all set forth in the opinion of the court.

*By the Court,* Smith, J.   This is an information in the nature of a writ of *quo warranto,* filed by the Attorney General, upon the relation of Schantz. The relation sets forth, that, by virtue of the several acts of the legislature, dividing the county of Washington, and erecting the county of Ozaukee, the office of sheriff of the county of Washington became vacant, and that the respondent Brunst was elected to fill

JUNE TERM
1854.

Attorney
General
vs.
Brunst.

such office for the term prescribed by the acts afore-said, viz: commencing on the first day of June, A.D. 1853, and expiring on the first day of January, A.D. 1855. That Lion Silverman was elected sheriff of Washington county, before the division thereof, at the regular election in November, A. D. 1852 ; that his term commenced January 1st, A. D. 1853, and would have expired the 1st of January, A. D. 1855, but that the said Silverman, being a resident of that part of Washington county which was set off and erected into the county of Ozaukee, the office of sher- iff of Washington county became vacant, and that the respondent Brunst, was elected to fill such vacancy, viz : the unexpired term of said Silverman ; that the said Brunst, as sheriff of said Washington county, in the fall of 1854, gave the notice required by law, to be given for the election of sheriff of said Washing- ton county, at the general election to be held in No- vember, 1854, and that at the said general election, the relator was elected to the office of sheriff of said county, for the constitutional term of two years from the first day of January, 1855 ; that the relator duly qualified by taking the requisite oath, and filing the proper bond, &c., and thereby became rightfully en- titled to the said office, &c.

The relator further alleges " that the said Gustavus Brunst, for the space of eleven days now last past, without any legal warrant, grant, or right whatsoever, hath used and exercised, and still doth use and exer- cise, the office of sheriff of Washington county afore- said, to wit, at," &c., " and hath claimed, and still doth claim to be the sheriff of said county of Washington," &c., in contempt, &c.

The respondent filed a plea and demurrer ; by the

June Term 1854.

Attorney General vs. Brunst.

plea denying that the office of sheriff of Washington county became vacant by the acts of the legislature approved March 7, and March 19, 1854; denying that he was elected to fill a vacancy, viz: the unex- pired term of Lion Silverman; denying that the re- lator, by virtue of his alleged election and qualifica- tion, is rightfully entitled to the office of sheriff of said county of Washington, and admitting that he does claim to hold said office, for the full constitution- al term of two years, from the first day of June, A. D. 1853, and denying that he has intruded into said of- fice, &c., and as to all the other matters in the said relation contained, he says that they are not sufficient in law, &c.

At the hearing, the following stipulation in regard to the facts, was signed and filed :

"It is admitted that upon the erection of Ozaukee county, Lion Silverman, who was, until then, sheriff of Washington county, became sheriff of Ozaukee county, by residing therein ; that said Silverman was elected sheriff of Washington county at the general election in November, 1852, and that he qualified and entered upon the duties of said office, the 1st day of January, A. D. 1853 ; that upon the erection of Ozaukee county, there was no sheriff in the present county of Washington; that the respondent was, in the month of May, A. D. 1853, duly elected sheriff of the present county of Washington, and that he qualified and entered upon the duties of said office, on the first day of June, 1853 ; that by virtue of his said election and qualification, he claims that he is still sher- iff of the present county of Washington."

The question here to be determined, depends upon the proper construction of section 4, of article 6, of the

JUNE TERM
1854.

Attorney
General
vs.
Brunst.
Constitution of this State : "Sheriffs, coroners, regis-ters of deeds, and district attorneys, shall be chosen by the electors of the respective counties, once in every two years, and as often as vacancies shall hap-pen."

If this clause in the Constitution, so prescribes the term of office as to inhibit the legislature from pre-scribing a shorter term, in cases of vacancy, the erec-tion of new counties, or otherwise, then it is conceded that the respondent, who was elected to the office of sheriff of Washington county in May, 1853, and whose term commenced on the 1st day of June, 1853, is entitled to hold his office until the 1st day of June, 1855. But on the contrary, if the section of the Con-stitution above referred to, does not operate as such inhibtion upon the legislature, then it is apparent that the relator, who was elected at the general election in 1854, is by virtue of the several statutes in relation to the division of Washington county, entitled to the office from the 1st day of January, 1855, for the term of two years.

Were this a new question, we should have resisted the conclusion to which we have been impelled more strenuously ; and even now, it is with some reluctance that we have been compelled to decide as we do. The argument, *ab inconvenienti*, can scarcely ever be stronger than in this case, and did the construction of the Constitution admit of doubt, it ought here to prevail. But upon a careful review of the Constitu-tional provision referred to, and of the authorities, we can entertain no doubt whatsoever. The language of the section is precisely like to a similar clause in the Constitution of the State of New York, so far as the term of office is concerned, and there can be no

doubt that it was adopted by the convention from that instrument. And there can scarcely be a doubt that the members of the convention were familiar with the judicial decision in that State, which had settled the construction of the language used, and that in adopting the language of the section, the judicial construction thereof was likewise adopted. If this be so, then it would seem, that the case of *The People ex rel. Galup vs. Green*, 2 *Wend.* 266, is conclusive.

In that case the provision of the Constitution of New York, of which, as before remarked, ours is a literal transcript, was the subject of construction and decision, and it was there held, that in all cases in which a person was elected to the office of sheriff, whether at a general election or at a special election to fill a vacancy, his term of office would be two years. This rule of construction leaves the term of office to commence at different periods, in the several counties; accordingly, as a vacancy may occur in the one or another, at different times, and the people may be called upon to hold elections to fill such office in several counties, at different times, and at times other than that for holding general elections. By our Constitution this provision comprises not only the office of sheriff, but that of coroner, district attorney, and register of deeds, involving a degree of inconvenience which ought to give to the argument deduced therefrom, the utmost weight. But we can find no means of escape from the plain and palpable meaning of the language used, and the reasoning of Mr. Justice Marcy, in the opinion delivered in the case just cited, seems to be unanswerable. See also 11 *Wend.* 132; *id.* 511.

But aside from the authority of this case of *the*

June Term
1854.

Attorney
General
vs.
Brunst.

*People vs. Green*, and other cases of similar import in New York, looking at the whole instrument, we should be impelled to the same conclusion.

On a careful inspection of our Constitution, we find several provisions in relation to the filling of vacancies in office. Section 10 of article 13, provides that "the legislature may declare the cases in which any office shall be deemed vacant, and also the manner of filling the vacancy where no provision is made for that purpose in this Constitution."

Article 6, section 4, provides that "sheriffs, &c., shall be chosen by the electors of the respective counties, once in every two years, *and as often as vacancies shall happen.* Sheriffs shall hold no other office, and shall be ineligible for two years next succeeding the termination of their offices."

The first of these provisions has reference to the power of the legislature to determine what shall constitute a vacancy, and to the *manner* of filling it, whether by appointment or otherwise, but not to the term or duration of the office, or of the person holding. The second only allows an election oftener than once in two years, in case a vacancy shall occur ; but by no means prescribes the term of the person to fill such vacancy, leaving such term as defined by the period within which another election may be held, viz : two years thereafter, or sooner should another vacancy occur.

The term *vacancy*, unquestionably refers to the *office* and not the *term* or duration. Accordingly, in the other parts of the Constitution, where the term vacancy is used, and provision is made for filling the vacant office for and during a specified period of time, it is so expressed.

If the office of Supreme or Circuit Judge becomes vacant, such vacancy must be filled *for the unexpired term of the predecessor.* (*Const. Wis.*, *Art.* 7, *Sec.* 9.) So, if the office of a justice of the peace becomes vacant, such *office* shall be filled for the unexpired term of the predecessor.

In all the cases in which it was deemed desirable by the convention, to provide for the filling of vacancies by a limitation to the unexpired term of the late incumbent, it seems to have been carefully provided for ; and from the fact that the convention did so express their intention in these cases, and failed to do so in others, it is apparent that their omission so to do in the latter, was not accidental, but designed, and the maxim, " *expressio unius, exclusio alterius,*" should be most critically applied.

It would undoubtedly be more convenient for the people to elect all of their county officers at a general election, and accordingly the legislature provided for a certain number to be elected one year, and the remainder the next year, and so biennially. And upon the erection of a new county, it would be convenient so to fix the terms of the first officers respectively, that the future election of successors should occur uniformly with those of other counties in the State, and at the general election in November. But as the Constitution prescribes the term of office, it is not in the power of the legislature to shorten it. The desired result may perhaps be obtained by fixing the time for the first election in newly organized counties, correspondent to the time for general elections ; and when vacancies occur, by allowing them to be filled by appointment until the time when a successor would be elected in the usual course.

51*

JUNE TERM
1854.

Attorney
General
vs.
Brunst.,

Again, it is scarcely possible to conceive that if the convention had not intended that it should bear the same construction as that which had been put upon the same section in the State of New York Constitution, they would have provided for the difficulty which gave rise to the judicial decisions thereon in that State.

The convention must have been aware of the controversies which grew out of the same provision in that State, and of the manner in which they were judicially settled. It seems to us, therefore, that we are constrained to hold that when a person is legally elected to the office of sheriff, there can be no other election for that office within the term of two years, whether the election be special, to fill a vacancy, or at the general election in November.

We have looked into all of the statutes and authorities cited, as well as others, and have earnestly desired to come to a different conclusion, if we could find the law to warrant us in so doing. But our duties are not to make or amend the laws, but to construe and administer them as we find them.