THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES BAST, Appellant, *v.* JOHN R. VOORHIS et al., Constituting the Board of Elections of the City of New York, Respondents, Impleaded with Others.

**Queens county — sheriffs — elections — the present sheriff of Queens county having been elected for a term to expire January 23, 1920, there will be no vacancy in the office to be filled at the general election in November, 1919.**

The sheriff of Queens county was elected at a special election for the term of three years to expire on January 23, 1920; hence there will be no vacancy in that office until that date. When the vacancy occurs the governor may appoint an incumbent to hold office until a sheriff to be elected at the general election in November, 1920, takes the office on January 1, 1921. Therefore, the electors of Queens county cannot lawfully choose a sheriff at the general election in 1919.

*People ex rel. Bast* v. *Voorhis*, 189 App. Div. 909, reversed.

(Argued October 16, 1919; decided October 21, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 3, 1919, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the board of elections of the city of New York in making and preparing notices, ballots, etc., to be used at the general election to be held in the county of Queens on November 4, 1919, to disregard the names of candidates for the office of sheriff,

and directing that the names of none of said candidates should appear thereon.

The facts, so far as material, are stated in the opinion.

*George H. Alexander* for appellant. There will be no vacancy " occurring before October fifteenth " of the year 1919 in the office of sheriff of Queens county. (*Matter of Mitchell* v. *Prendergast,* 222 N. Y. 543; 178 App. Div. 690; *Matter of Lempp* v. *Voorhis,* 224 N. Y. 633; 185 App. Div. 939; *People ex rel. Gallup* v. *Green,* 2 Wend. 266; *Coutant* v. *People,* 11 Wend. 511.) There will be no vacancy in the office of sheriff of Queens county on the 1st day of January, 1920. (*Matter of Mitchell* v. *Prendergast,* 222 N. Y. 543; *Lempp* v. *Voorhis,* 224 N. Y. 633; *People ex rel. Gallup* v. *Green,* 2 Wend. 266.) There being no vacancy in the office, either on January 1, 1920, or " occurring before October fifteenth," 1919, there is no legal warrant for holding an election for said office at the November general election. (*Matter of Mitchell* v. *Boyle,* 219 N. Y. 242; Election Law [Cons. Laws, ch. 17], § 292.)

*Egar Weaver* and *Charles W. Froessel* for Samuel J. Mitchell, as sheriff of Queens county. The term of office of the present sheriff is three full years, and does not expire before January 23, 1920. (N. Y. Const. art. 10, § 1; County Law, § 180; *Coutant* v. *People,* 11 Wend. 511; Cooley's Const. Lim. [7th ed.] 102; *People ex rel. Snyder* v. *Hylan,* 212 N. Y. 236; *People* v. *Snedeker,* 14 N. Y. 52.) A successor to the present sheriff cannot be elected at the 1919 general election, as said office is already lawfully filled to a time beyond January 1, 1920. (Cons. Laws, ch. 11, § 246; Cons. Laws, ch. 17, § 3, subd. 1.) There is ample provision in the law to provide for a successor to the present sheriff. (Cons. Laws, ch. 11, §§ 180, 181.)

*William P. Burr, Corporation Counsel* (*William E. C. Mayer, George P. Nicholson, John F. O'Brien* and *Russell L. Tarbox* of counsel), for board of elections of city of

New York, respondent. The command of the Constitution is that a sheriff in Queens county " shall be chosen by the electors * * * once in every three years, and as often as vacancies shall happen." Hence, it is a mandatory requirement that, as soon as may be before the expiration of the term of the office, the successor of an outgoing sheriff shall be chosen by the electors; and a convenient general election is the proper time, prescribed by law, at which to choose such successor. (Const. art. 10, §§ 1, 4; County Law, § 246; Election Law, §§ 3, subd. 1, 290, 293; *Matter of Mitchell* v. *Boyle,* 219 N. Y. 242, 248; *Matter of Mitchell* v. *Prendergast,* 178 App. Div. 690; 222 N. Y. 543; *Matter of O'Brien* v. *Boyle,* 219 N. Y. 195; *People ex rel. Stupp* v. *Kent,* 83 App. Div. 554.)

*Richard S. Newcombe* and *Elmer E. Wigg* for William N. George, respondent. There will be no vacancy. (*People* v. *Gardner,* 45 N. Y. 812; *Dizur* v. *Provost,* 99 App. Div. 14.) If it be held that Sheriff Mitchell's term does not expire before January 23, 1920, the office must remain vacant for no special election can be held, the governor cannot appoint nor can the under-sheriff hold over. (Cons. Laws, ch. 11, § 180; Cons. Laws, ch. 17, § 292; Cons. Laws, ch. 47, § 38; Const. of N. Y. art. 10, § 5.) The uniformity of elections sought by the Constitution and legislative enactments must be upheld by the courts. (*Durousseau* v. *United States,* 6 Cranch, 314; *People ex rel. Jackson* v. *Potter,* 47 N. Y. 382.)

CHASE, J. The question presented on this appeal is whether the electors of the county of Queens can lawfully choose a sheriff for that county at the general election to be held November 4 of this year. The Constitution provides that the time of electing all officers named in article 10 thereof shall be prescribed by law. (Const. art. 10, sec. 4.) Sheriffs are named in that article. The political year begins on the first day of January. (Const. art. 10, sec. 6.) The legislature has prescribed for the

election of sheriffs to hold office " for three years from and including the first day of January succeeding their election." (County Law [Cons. Laws, ch. 11], sec. 180.) The legislature has also provided that " The term of office of an elective officer, unless elected to fill a vacancy then existing, shall commence on the first day of January next after his election, if the commencement thereof be not otherwise fixed by law." (Public Officers Law [Cons. Laws, ch. 47], sec. 4.) The electors of the county of Queens cannot, therefore, lawfully choose a sheriff at the general election of this year if the person now occupying that office will continue in office by virtue of his election on and after the first day of January, 1920.

The facts out of which this controversy arises have been frequently stated in the decision of other controversies arising therefrom. So far as material in this proceeding the facts are that a sheriff was duly elected in the county of Queens at the general election held in 1915. He duly qualified and entered upon the discharge of his duties at the beginning of the year 1916 for a term of three years which would expire at the end of December, 1918. On October 23, 1916, he died. An effort was made by certain persons in that county to file certificates of nomination of persons as candidates for sheriff to be chosen at the general election of 1916. The board of elections of the city of New York refused to file such certificates of nomination and an application was made to the court for a peremptory writ of mandamus to compel such board to receive and file such certificates. The application was granted and the order granting the same was on appeal affirmed by the Appellate Division (*Matter of Mitchell* v. *Boyle*, 175 App. Div. 905), but on appeal to this court the orders were reversed and the application denied. (*Matter of Mitchell* v. *Boyle*, 219 N. Y. 242.) This court held that the vacancy existing in the office of sheriff could not be filled at the general election of 1916 because the death of the sheriff which created the vacancy

occurred after October 15, 1916. (Election Law [Cons. Laws, ch. 17], sec. 292.) The governor thereafter called a special election in the county of Queens to choose a sheriff, and that election was held on the 23d day of January, 1917. Before the special election was held an application was made to the court for a writ of mandamus directing the board of elections to cease and refrain from taking any proceedings to hold such special election. That application was denied (*People ex rel. Conklin* v. *Boyle,* 98 Misc. Rep. 364), and the order entered thereon was on appeal affirmed by the Appellate Division. (*People ex rel. Conklin* v. *Boyle,* 178 App. Div. 908.) After January 23, 1917, a controversy arose as to when the person elected at such special election took office. In that controversy it was held that the person so elected on that day took office as of the day of his election. (*Matter of Mitchell* v. *Prendergast,* 222 N. Y. 543, affirming S. C., 178 App. Div. 690.)

Prior to the general election in 1918 certificates of nomination of persons as candidates for sheriff, to be chosen at the general election of that year, were filed with the board of elections. An application was then made to the court for a writ of mandamus to prevent the board of elections from printing the names of candidates for sheriff on the ballots to be used in that county at the general election. The Special Term held that the term of office of the incumbent of the office of sheriff was for three years, and that his term commenced on January 23, 1917, and that it would not expire until January 23, 1920, and denied the petition. (*People ex rel. Lempp* v. *Board of Elections,* N. Y. Law Journal, Sept. 30, 1918.) The order entered thereon was on appeal affirmed by the Appellate Division (*People ex rel. Lempp* v. *Board of Elections,* 185 App. Div. 939), and the order of the Appellate Division was on appeal therefrom affirmed in this court. (*People ex rel. Lempp* v. *Board of Elections,* 224 N. Y. 633.)

The decision of this court was without opinion, but it was necessarily and in fact made because the court held that the election of January 23, 1917, was not for the unexpired term of the sheriff who died while in office, but for a full term of three years from the day of the election.

The statement of facts and of the decisions of the courts herein mentioned make the conclusion which should be reached on · this appeal reasonably clear and certain. The vacancy which occurred in the office of the sheriff of Queens county, by reason of the death of the incumbent on October 23, 1916, could not be filled at the general election in that year. (*Matter of Mitchell* v. *Boyle, supra.*) The special election was properly held on January 23, 1917. (*Matter of Conklin* v. *Boyle, supra; Matter of Mitchell* v. *Boyle, supra; Matter of Mitchell* v. *Prendergast, supra.*) The term of office of the person then elected commenced as of January 23, 1917. (*Matter of Mitchell* v. *Prendergast, supra.*) His term will not expire until January 23, 1920. (*People ex rel. Lempp* v. *Board of Elections, supra; People ex rel. Gallup* v. *Green,* 2 Wend. 266; *Coutant* v. *People,* 11 Wend. 511; *Attorney-General ex rel. Schantz* v. *Brunst,* 3 Wis. 787.)

If a person should be elected at the general election this year it would be based upon the assertion that the term of the person so elected will commence January 1, 1920. There will be no vacancy in the office on that day. If a person should be chosen at the general election of this year it would result in a conflict of authority made possible· by the deliberate action of the courts. Such conflict should not be so precipitated for the purpose of upholding the order appealed from.

This court cannot say that if a person is elected to the office of sheriff at the general election this year he would not take office until January 23, 1920, because there is no legislative or other authority for such a conclusion. It may be assumed that the interests of the electors of the

county of Queens in having a sheriff in that county duly elected or appointed will be taken care of pursuant to constitutional and statutory authority. Although section 292 of the Election Law does not give authority to the governor to call a special election at the end of the term of the present sheriff, there is ample authority therein for him to appoint a sheriff to continue in office until the beginning of the political year next following the general election of 1920. A sheriff can be elected in the county of Queens at the general election of 1920, who will take office on the first day of January, 1921, for a term of three years. By so doing the statutes and the decisions thereunder will be obeyed and followed and the time for the election of a sheriff in that county will be restored to the general election day and further controversies growing out of the facts herein mentioned will be avoided.

It has been suggested that the governor has no power to appoint a sheriff to take office following the expiration on January 23, 1920, of the term of the present incumbent because section 30 of the Public Officers Law does not include among the enumerated vacancies in office one arising from the expiration of a fixed term.

The Constitution provides that the legislature may declare the cases in which any office shall *be deemed vacant* where no provision is made for that purpose in the Constitution. (Const. art. 10, sec. 8.)

Pursuant to that provision the legislature provided that " every office shall be vacant " upon the happening of certain enumerated events " *before the expiration of the term thereof.*" (Public Officers Law, sec. 30.)

The expiration of a term necessarily creates a vacancy therein, particularly in an office where the incumbent does not hold over after the expiration of his term.

It is said in *People ex rel. Mitchell* v. *Sohmer* (209 N. Y. 151, 155): " A vacancy by expiration of the term of office is a certain event to occur at a known time. The statute also deals with vacancies that may arise *before the expira-*

*tion of the term* of office by death or other event, the time of which is not known." (*People ex rel. Snyder* v. *Hylan*, 212 N. Y. 236.)

The failure of the legislature to prescribe that an office shall be *deemed vacant* at the expiration of a term of an incumbent lawfully elected thereto, whose successor has not been lawfully elected, does not change the fact that the office is vacant and not occupied by a person duly elected thereto. The statutes quoted show that on and after January 23, 1920, the office of sheriff in Queens county will be without an elected incumbent.

It is urged that the people of the county of Queens are entitled to fill the office of sheriff by election every three years, and that if a sheriff is not elected for that county in the year 1919 the constitutional provision with reference to the term of office will be violated.

The Constitution must be construed in connection with the existing facts. By the terms of the Constitution and statutes the term of office of the present incumbent will not expire until after the first of January following the general election in 1919, and there is no provision for an election of a sheriff to succeed the present incumbent until the general election in the year in which the term of office of the incumbent expires.

The election of a sheriff, therefore, will occur within the third year after the year in which the term began and at the earliest possible date for which provision therefor is made after the end of the term of the incumbent and in the only way possible in compliance with the Constitution and the statutes authorized by it. (*People ex rel. Smith* v. *Fisher*, 24 Wend. 215, 219, 220.)

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., COLLIN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.