State ex rel. Knutson v. Johnson, 171 Wis. 521.

STATE ₌EX REL. KNUTSON, Appellant, vs. JOHNSON, Respondent.

*March 9—June 1, 1920.*

*Sheriffs: Eligibility of one appointed for unexpired term to succeed himself: Vacancy in office upon election of ineligible person: Quo warranto: Costs when neither party is entitled to office.*

1. Under sec. 4, art. VI, Const., providing that sheriffs shall be ineligible to office for two years next after termination of their offices, that all vacancies shall be filled by appointment, and that the person appointed shall hold only for the unexpired portion of the term, one appointed to fill a vacancy in the office of sheriff is ineligible to succeed himself, as he holds the office for all purposes as completely and fully as did the elected sheriff.

2. Where one appointed to fill a vacancy in the office of sheriff was elected to such office for the succeeding term, although he was ineligible under sec. 4, art. VI, Const., there was a

vacancy in the office after the expiration of the appointive term. Sub. (6), sec. 17.03, Stats., declaring that a public office becomes vacant upon the decision of a competent tribunal declaring void the election or appointment of one claiming it, also applies, and in this case there is a vacancy authorizing an appointment.

3. Where at the time an action to test defendant's right to the office of sheriff was begun he was the *de jure* sheriff, and relator was not entitled to the office, defendant having been elected to fill the same notwithstanding his ineligibility, on appeal from a judgment dismissing the action neither party will be allowed costs other than that the defendant, who asserted the validity of his election, should be required to pay the costs of the clerk of the appellate court, those in the court below to remain as there fixed.

APPEAL from a judgment of the circuit court for Barron county: W. R. FOLEY, Circuit Judge. *Affirmed.*

In November or December, 1917, the defendant was appointed by the governor to fill an unexpired term which was to end the first Monday of January, 1919, as sheriff of Barron county, and accepted and qualified as such and has continued to act as sheriff since that time.

In the fall of 1918 he was a candidate for the office of sheriff in the primary election and also in the general election for the term commencing January 6, 1919, received a majority of the votes, was declared elected, and subsequently in form qualified.

This action was brought in February, 1919, to have determined whether the defendant was eligible for election in November, 1918, to the term so commencing on January 6, 1919.

The trial court held that the defendant, having been appointed merely to the term expiring January 6, 1919, was not disqualified under the constitution from being lawfully elected for the new term commencing on the same day, and directed judgment in favor of the defendant accordingly.

From the judgment dismissing the action plaintiff has appealed.

*Spencer Haven* of Hudson, for the appellant.

For the respondent there was a brief by *Clarence C. Coe* of Barron, attorney, and *Crownhart & Wylie* of Madison, of counsel, and oral argument by *Fred M. Wylie.*

ESCHWEILER, J.    Prior to 1882, sec. 4, art. VI, Const., provided, as to sheriffs and certain other county officers, that vacancies occurring in their respective offices should be filled by election.    By the construction given to that section by the decision in *Attorney General ex rel. Schantz v. Brunst,* 3 Wis. 787, upon such an election the officer held for a full term of two years from the time of such election or qualification instead of for the balance of the term existing at the time the vacancy occurred.    The evident interference with the general plan of uniformity as to the terms of county officers resulting therefrom undoubtedly caused the substantial change that was effected by the constitutional amendments which went into effect in November, 1882, making the said section of art. VI, Const., since then and now to read as follows:

*"County officers; election, terms and removal of.*    Section 4. Sheriffs, coroners, registers of deeds, district attorneys, and all other county officers except judicial officers, shall be chosen by the electors of the respective counties once in every two years.    *Sheriffs* shall hold no other office, *and be ineligible for two years next succeeding the termination of their offices;* they may be required by law to renew their security from time to time, and in default of giving such new security their office shall be deemed vacant; but the county shall never be made responsible for the acts of the sheriff.    The governor may remove any officer in this section mentioned, giving to such a copy of the charges against him and an opportunity of being heard in his defense.    *All vacancies shall be filled by appointment, and the person appointed to fill a vacancy shall hold only for the unexpired portion of the term to which he shall be appointed* and until his successor shall be elected and qualified."

The particular phrase of that section, "sheriffs shall hold no other office, and be ineligible for two years next succeed-

ing the termination of their offices," here under consideration, is not found in the constitutions of other states, has not heretofore been construed by this court, and there are therefore no decisions found that are helpful in disposing of this matter.

When such an appointment is made as was in this case, the person so appointed from then on holds the office of sheriff for all purposes as completely and fully as did the elected sheriff to succeed whom such appointment was made. By such appointment it becomes the appointee's office, and the expiration of the two-year period succeeding the election of the predecessor is as much the termination of the appointee's office as it would have been of the official elected had he continued therein. No other term than such particular two-year term is recognized in the constitution. It is the one and same term no matter who the incumbent.

We therefore hold that the ineligibility declared in the language just above quoted is upon him who is, at the time of the general election just preceding the new term, filling the office of sheriff for the then present term, whether he has been elected to such specific term or appointed to fill out and complete such term.

The defendant then being to all intents and purposes sheriff of Barron county at the time of the general election in November, 1918, was by virtue of the said provision of the constitution ineligible for election to succession as sheriff at the new term commencing in January, 1919. He being ineligible, his certificate of election to such office was therefore void and he could not legally qualify as such sheriff for such new term.

It was properly conceded on the argument, and it is now so held, that the defendant is nevertheless sheriff *de jure* while exercising the functions of sheriff since the time of and by virtue of his appointment in the fall of 1917 for the then unexpired term in that office, and his acts as such cannot, as the record stands before us, be questioned.

It appearing that the defendant was not and could not

be legally elected in November, 1918, for the new term commencing January, 1919, there was no person qualified by law to assume the functions of sheriff for the new term commencing in January, 1919, and it must therefore necessarily be held that thereupon there was a vacancy in that office, so far as such new term was concerned, immediately after the commencement of such new term.

The very nature of such a constitutional provision as we have here which so definitely fixes the term of office of sheriff for the period intervening between two annual elections, and which term can be neither extended nor shortened, makes the expiration of such a term of such a certain event to occur at a known time that it of itself creates necessarily a vacancy in such office in the event there is no one at the commencement of such new term who is then and there lawfully entitled to take for such new term. This would seem to be necessarily the rule irrespective of any precise legislative declaration to that effect. *People ex rel. Bast v. Voorhis,* 227 N. Y. 167, 125 N. E. 86.

In this particular case it may also well be determined that there is now a vacancy in the term of office of sheriff of Barron county which commenced January 6, 1919, under the terms of sub. (6), sec. 17.03, Stats., declaring how vacancies in public offices shall be caused, and specifying in said subdivision that a public office such as this shall become vacant upon the decision of a competent tribunal declaring void the election or appointment of an officer claiming to hold such office. The effect of this decision being to declare that defendant's claimed election in November, 1918, and subsequent alleged qualification thereupon for such term commencing January, 1919, were void, it follows therefrom that there is such a vacancy in the office of sheriff of Barron county for the term commencing the first Monday of January, 1919, as authorizes an appointment to fill such vacancy for the unexpired portion of such term, pursuant to the last clause of the above quoted sec. 4, art. VI, Const.

It now having been held that the defendant was a *de jure*

sheriff and to that extent lawfully in office as such at the time of the bringing of this action, the plaintiff has therefore failed in his contention that the defendant must be held to be an usurper or required to return to Barron county the fees collected by him since January 5, 1919, as prayed for in the complaint. The defendant, on the other hand, has likewise failed to support the defense he asserted of a valid election and qualification for the new term. We therefore deem it proper to deny to either party the costs of this court other than that the defendant shall pay the costs of the clerk here, costs in the court below to remain as there fixed.

The judgment of dismissal of plaintiff's complaint in the court below must therefore necessarily be affirmed, but on grounds contrary to those upon which the trial court predicated such judgment.

*By the Court.*—Judgment affirmed, but on the grounds stated in this opinion.