# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RALPH P. STALTER, Respondent, *v.* PATRICK J. LYNCH, Defendant, Impleaded with EVERETT SNEDEKER, Appellant. (Action No. 1.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES B. BYRNES, Respondent, *v.* JOHN B. LAWSON, Defendant, Impleaded with MICHAEL NATALE, Appellant. (Action No. 2.)

Second Department, December 10, 1926.

Villages — officers — election — person receiving highest number of votes as president was ineligible — eligible candidate receiving next highest number was not elected under Village Law, § 53 — ineligible candidate had been appointed to fill unexpired term and was pretending to hold office at time of election — office being without incumbent at time of election because of ineligibility, Public Officers Law, § 5, providing for holding over, does not apply — office was vacant both before and after election — trustees had power, under Village Law, § 61, to fill said vacancy after election.

Under section 53 of the Village Law, a person does not become president of a village by election, unless at the date of election he is eligible for the office and also receives the highest number of votes, and, therefore, where the man receiving the highest number of votes is not eligible the one receiving the next highest number of votes is not elected although eligible to hold the office.

The president of the village of Haverstraw resigned and the man who was subsequently nominated for election and who received the highest number of votes, though ineligible, was appointed by the board of trustees to fill out the unexpired term of the president. After the election, when it was determined that that person was ineligible and, therefore, was not elected, the board of trustees appointed a man as president who was eligible to fill the office. The board of trustees had the right, under section 61 of the Village Law, to make the appointment following the election, for, at the time of the election, there was no one legally in office, since the man designated to fill the unexpired term was ineligible and could not, therefore, hold over under section 5 of the Public Officers Law.

APPEAL in the first above-entitled action by the defendant, Everett Snedeker, from a judgment of the Supreme Court in favor of the relator, entered in the office of the clerk of the county of Rockland on the 4th day of October, 1926, upon the decision of the court rendered after a trial at the Rockland Special Term.

Appeal in the second above-entitled action by the defendant, Michael Natale, from a judgment of the Supreme Court in favor of the relator, entered in the office of the clerk of the county of Rockland on the 4th day of October, 1926, upon the decision of the court rendered after a trial at the Rockland Special Term.

The opinion rendered at the Special Term is reported in *People ex rel. Stalter* v. *Lynch* (128 Misc. 36).

*Frank Comesky*, for the appellants.

*E. W. Hofstatter* [*Albert Ottinger, Attorney-General*, with him on the brief], for the respondents.

LAŻANSKY, J. At the annual village election held in 1925, defendant Snedeker was elected president of the village of Haverstraw, and acted as such until the month of August, 1925, when he resigned. The term of office for which he had been elected would have expired at noon on the first Monday after the third Tuesday of March, 1926. (Village Law, § 43, as amd. by Laws of 1915, chap. 323, and Laws of 1925, chap. 295; since amd. by Laws of 1926, chap. 391.)

On August 8, 1925, pursuant to section 61 of the Village Law, the board of trustees appointed defendant Lynch to fill the vacancy caused by Snedeker's resignation. At the annual election held on the third Tuesday in March, 1926, the two candidates to fill the vacancy were the defendant Lynch and the relator Stalter. The former received the highest number of votes. It was discovered in April that, at the time of the appointment of Lynch to succeed Snedeker and at the time of the election in March, 1926, Lynch was not eligible for the office of president of the village because he was not owner of property assessed to him on the assessment rolls of the village as provided by section 42 of the Village Law (as amd. by Laws of 1925, chap. 297). Lynch thereupon resigned. The board of trustees appointed Snedeker as village president, who in this action claims to be entitled to the office by virtue of his appointment. Stalter, the defeated candidate at the election, claims that he is entitled to the office because he received the next highest number of votes to Lynch who was ineligible. Which of these two men, Snedeker or Stalter, is entitled to the office depends upon the construction of part of section 53 of the Village Law, as follows: " The person eligible and receiving the highest number of votes for

an office shall be elected thereto." If Stalter comes within this provision, then he is entitled to the office. The language is clear and without ambiguity. Election depends upon two facts: (1) eligibility and (2) the highest number of votes. Here Lynch received the highest number of votes but was ineligible; Stalter was eligible but did not receive the highest number of votes. Therefore, neither was elected. It might be different if the language of the statute had been either " The person eligible receiving the highest number of votes," or, " The person eligible who received the highest number of votes." The Attorney-General, however, insists that the language means what was just last stated. He concedes the common-law rule that where the person who receives the highest number of votes is ineligible a new election is necessary, but he insists that the Legislature has indicated an intent to change the common-law rule. He first points to a provision of section 53 of the Village Law, as follows: " If two or more persons receive an equal and the greatest number of votes for the same office, the board of trustees shall determine by lot which of them shall be deemed elected," and argues that since, in the case of a tie vote, the Legislature has provided for a method of determination by lot, it must have intended, in a case where the person receiving the highest number of votes is ineligible, that the person receiving the next highest number is elected. But the one does not follow from the other. Furthermore, in a case where the person receiving the highest number of votes is ineligible, to declare the person receiving the next highest number of votes elected would be subversive of the popular will. Where there is a tie vote, the popular will has not been decisively determined and it would be agreeable to most to have a form adopted such as indicated by the Legislature; at any rate, the Legislature has so declared. In further support of his contention, the Attorney-General refers to section 54 of the Village Law, by which it is provided: " No election of village officers, heretofore or hereafter held in any village, shall be invalid on account of the failure of the electors to designate in their ballots the respective terms of office of persons to be elected thereat, for the same office, for different terms; but the persons so to be elected to such office, who are eligible and receive the highest number of votes, shall be elected. The person first named on a ballot containing the names of more than one person for such an office, and not designating their respective terms, shall be deemed designated for the longest term, the second, for the next longest term, and so on to the end." In such case the persons receiving the highest number of votes are elected, and thus the popular will is respected. The Legislature has merely declared the length

Second Department, December, 1926.    [Vol. 219

of term where no designation has been made. Thus before an election, it is understood what will happen in the event no designation of terms is made. The Attorney-General proceeds further in his argument and says that in the case of a failure to elect because of the ineligibility of the person receiving the highest number of votes there is no provision for the filling of the office. In this he is mistaken. Section 5 of the Public Officers Law provides: " Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the Constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified." Thus, if there be an incumbent at the expiration of the term, he holds over in the event that no one is elected at the annual election. But in the case at bar there was no incumbent at the time of the annual election, nor at the expiration of the term at noon on the first Monday after the third Tuesday of March in 1926. (Village Law, § 43, as amd. *supra.*) Lynch was ineligible at the time of his appointment in August, 1925, when Snedeker resigned, and continued ineligible up to the time of his purported resignation, which was subsequent to the time of the annual election in 1926 (when Lynch received the highest number of votes), and also to the end of the term for which Snedeker had been elected. Because of Snedeker's resignation, Lynch's ineligibility and the failure to elect, there was no incumbent of the office when the new term began " at noon on the first Monday after the third Tuesday of March." Although the provisions of section 30 of the Public Officers Law (as amd. by Laws of 1920, chap. 259) as to the conditions under which an office shall be vacant do not include a case where there is a failure to elect and there is no incumbent at the expiration of the term preceding that for which the election is held, nevertheless, there is a vacancy in fact at the beginning of the term for which the election is held. (*People ex rel. Bast* v. *Voorhis,* 227 N. Y. 167, 173, 174.) The vacancy continued until Snedeker's appointment by the trustees in April, 1926. Section 61 of the Village Law provides: " Vacancies occurring otherwise than by expiration of term in a village office, other than that of health officer, shall be filled by the board of trustees, if the office be elective, until the end of the current official year." It happened because of Snedeker's resignation and the failure to fill the office by reason of Lynch's ineligibility. It was, therefore, not a vacancy which occurred because of expiration of term. The village trustees had the authority to fill the office, and this was done by the appointment of Snedeker.

We find no reason for holding that the Legislature intended to abandon the rule of the common law.

It is conceded the same question is involved in action No. 2, and, therefore, the same result must be reached.

Conclusions of law II and III in both actions are reversed. Let conclusions of law in accordance herewith be submitted.

The judgment in each case should be reversed on the law, without costs, and complaints dismissed on the merits, without costs.

KELLY, P. J., JAYCOX, MANNING and KAPPER, JJ., concur.

In each case: Judgment reversed on the law, without costs, and complaint dismissed on the merits, without costs.