In the Matter of the Application of HARRY F. WIER, Pursuant to Section 53-a of the Village Law and Section 330 of the Election Law for an Order for the Investigation of an Election for the Office of Village Trustee of the Village of Irvington, Westchester County, at a Village Election Held on March 19, 1940, and Directing the Board of Trustees of the Village of Irvington to Correct a Certificate Declaring the Result of Said Election. ERNEST R. BEHRENS, Appellant; HARRY F. WIER and the BOARD OF TRUSTEES OF THE VILLAGE OF IRVINGTON, WESTCHESTER COUNTY, Respondents.— Appeal from an order in a summary proceeding declaring

that one Behrens was not qualified to be elected a trustee of the village of Irvington, at an election held March 19, 1940, because he was not an owner of real property, as required by section 42 of the Village Law, at the time of his election, and restraining him from taking part in any proceeding of the board of the village. Order reversed on the law and the facts, with ten dollars costs and disbursements, and the proceeding dismissed, with ten dollars costs. The court was without power, on the petition and answering affidavits, to resolve the question of fact thus presented in respect of whether or not Behrens was qualified to be elected as a trustee of the village. The question of fact as to whether or not he was the owner of real property, as required by section 42 of the Village Law, is one upon which Behrens is entitled to have a jury trial in proceedings by *quo warranto*, in which his title to the office of trustee should be tried. (*Greene* v. *Knox*, 175 N. Y. 432, 437, 438.) The Special Term may not on affidavits pass upon the credibility of Behrens' version of the incidents affecting his claim of legal title to real property. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.