In the Matter of the WORKMEN'S BENEFIT FUND OF THE UNITED STATES OF AMERICA, Respondent. FRED MICHEL, Petitioner-Appellant.

In the Matter of the WORKMEN'S BENEFIT FUND OF THE UNITED STATES OF AMERICA, Respondent. FRED MICHEL et al., Petitioners-Appellants.

First Department, December 11, 1942.

*Herman Roth* for appellants.

*H. D. Margulies* for respondent.

GLENNON, J.   The petitioner, Fred Michel, obtained an order to show cause under date of June 16, 1942, returnable at Special Term, Part I, of the Supreme Court, New York County, why an order should not be made declaring the election of officers constituting the National Executive Board and the Control Committee of the respondent, Workmen's Benefit Fund of the United States of America, held in the month of April, 1942, irregular, invalid, illegal, null and void and directing that it be set aside, and a new election had.   The order provided that service was to be effected on or before June 19, 1942.

Before the return day of the motion at Special Term, Part I, the respondent made an application under rule 106, subdivision 5, of the Rules of Civil Practice, to dismiss the petition at Special Term, Part III.   The procedure adopted was incorrect since it did not conform to the provisions of section 1293 of the Civil Practice Act.   The matter was nevertheless heard by the court and the petition was dismissed.   However, leave was given to file an amended petition.

While we might well reverse the order entered thereon because of the failure of the respondent to conform to the provisions of section 1293, nevertheless since the petitioner saw fit to serve an amended petition pursuant to the leave granted, we have reached the conclusion that the first order appealed from has become academic and as a result the appeal from that order should be dismissed.

Section 1293 of the Civil Practice Act reads in part as follows:   " The respondent may raise an objection in point of law warranting the dismissal of the petition, by setting the objection forth in his answer or by applying to the court on the return day for an order dismissing the petition as a matter of law.   If the respondent intends to apply for such an order, he shall serve notice thereof upon the petitioner within the time allowed for answering.   In the event of the denial of such application, the court may permit the respondent to answer, upon such terms as may be just."

The record before us indicates that the respondent has neither filed an answer to the amended petition, nor has it served any notice upon the petitioners of its intention to apply for an order dismissing the petition as a matter of law upon the return day of the second motion. While we might reverse the order upon that ground, still we believe it to be for the best interests of the parties to treat the main questions involved, which have to do with the sufficiency of the amended petition, just as if an answer or notice had been served properly.

The proceeding was instituted pursuant to the provisions of article 78 of the Civil Practice Act. The respondent is a "body" within the meaning of that article. Upon the second application which was made at Special Term, Part I, one Kurt Schumann joined in a separate petition asking for the same relief as the petitioner Michel requested in the first petition. Kurt Schumann was a party directly affected by the outcome of the election. He naturally is in the position of a party aggrieved within the meaning of section 25 of the General Corporation Law (Cons. Laws, ch. 23) which reads as follows: "Upon the application of any member aggrieved by an election, and upon notice to the persons declared elected thereat, the corporation and such other persons as the court may direct, the supreme court at a special term thereof shall forthwith hear the proofs and allegations of the parties, and confirm the election or order a new election, as justice may require."

It is unnecessary to point out in detail the charges which are set forth in the petitions. Facts are stated in both petitions sufficient to indicate that the petitioners may have a just grievance. The petitioners aver that the petitioner Michel is a member in good standing and president of Branch 92; that Schumann is a member in good standing of Branch 24; that there were approximately 380 branches duly chartered by the respondent, Workmen's Benefit Fund of the United States of America; that in the month of October, 1941, candidates for membership to the National Executive Board and to the Control Committee, were nominated by the various branches of the respondent; that Kurt Schumann was duly nominated as a candidate for the election as a member of the Control Committee; that a material part of section 22a of article 10 of the constitution provides: "A commission elected by the National Executive Board and Control Committee shall tabulate all election returns arriving within the specified time to compute the final results. This commission shall consist of twelve members, six from each body, elected separately by these bodies."

The petitions then allege that in the month of April, 1942, an election was held in the various branches for the purpose of electing candidates for the National Executive Board and the Control Committee; that the National Executive Board purported to have an election to vote for and elect six members to the Election Commission, and the Control Committee purported to have an election to vote for and elect six members to the Election Commission; that thereafter the Election Commission presumably counted and canvassed the votes cast for the election of members to the National Executive Board and the Control Committee.

The constitution provides that the elected officers must be installed on July first following the election. It is charged that notwithstanding certain irregularities which are complained of, the officers reported to have been elected by the Election Commission were installed on July 1st. The petitioners then aver: "That petitioners are aggrieved by, and complain of the said election and the proceedings preliminary as well as subsequent thereto, and the acts and matters touching the same, whereby there was formed a fraudulent and secret and carefully hidden plan to elect certain chosen and preferred candidates for the election of members to the National Executive Board and to the Control Committee, by resorting to fraudulent and illegal methods in the conduct of the election, the canvassing of the votes, as well as the manner or method of the election of the Election Commission, as well as the violation of the Constitution in the acceptance of the report of the Election Commission; that the foregoing was in violation of the rights and remedies of petitioners and other members similarly situated, whereby the said election was illegal and invalid, and should be declared null and void, for the reasons set forth and enumerated below."

Under the topic of grievances there are set forth five different causes for complaint on the part of the petitioners. It is pointed out that the election to the Election Commission was irregular, particularly the manner in which the ballots were counted; that the 294 votes which were cast by the members of Branch 92 were excluded by the Election Commission; that had these votes been properly tabulated and counted, Schumann would have been elected to the Control Committee. Further it is asserted, in effect, that five of the members of the Election Commission refused to sign and attest the report of the Election Commission whereas the constitution provided that nine members of the Commission, which consisted of twelve, were required to attest, with the result that there was a failure to comply with the pro-

visions of the constitution in so far as this particular election is concerned.

We believe that enough has been shown to indicate that the petitioners may have a just grievance within the meaning of section 25 of the General Corporation Law. Under the circumstances, the petitions should not have been dismissed. While the respondent failed to comply strictly with the provisions of section 1293 of the Civil Practice Act, still it should be permitted to answer within five days upon payment of twenty dollars costs. After issue is joined a hearing should be held pursuant to the provisions of section 1295 of the Civil Practice Act.

The appeal from the order entered July 7, 1942, should be dismissed. The order entered July 30, 1942, should be reversed with twenty dollars costs and disbursements, with leave to the respondent to answer the amended petition within five days after service of order, upon payment of said costs.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Order entered July 30, 1942, unanimously reversed with twenty dollars costs and disbursements to the appellants, with leave to the respondent to answer the amended petition within five days after service of order, upon payment of said costs. Appeal from order entered July 7, 1942, unanimously dismissed.