STATE EX REL. SCHMIDT, Petitioner, vs. WHITE, Circuit Judge, Respondent.

*October 2—November 8, 1950.*

*Orville S. Luckenbach* of Shawano, for the petitioner.

*Eberlein & Eberlein* of Shawano, for the respondent.

*O. B. Strossenreuther,* district attorney, for Shawano county.

The *Attorney General* and *Harold H. Persons,* assistant attorney general, for the state.

Fritz, C. J.   Upon Schmidt's petition for a writ of mandamus which would provide that Judge White enter judgment that Arthur L. Pahr be declared to be the elected superintend-

ent of schools of Shawano county, returns to the alternative writ of mandamus were filed by Judge WHITE and also by the attorney general, who was permitted to intervene in said proceeding on behalf of the state superintendent of public instruction. In said returns there are stated, in addition to the matters stated above, the following facts which appear to be undisputed. In the 1949 election Pahr and Krull were candidates for said office of county superintendent of schools; and after Krull was adjudged to be unqualified for said office under the statutes in relation thereto he resigned and ceased to act as superintendent; and thereupon Pahr asserted a right to and took over the discharge of the duties of the office. Upon the remand of the record to the circuit court on August 2, 1950, it entered judgment which included an adjudication that a vacancy then existed in the office of county superintendent. On August 4, 1950, the state superintendent of public instruction, pursuant to sec. 17.21 (4), Stats., appointed Theresa Van Horne to fill the balance of the unexpired term; and since August 9, 1950, she has been and now is acting as and performing the functions of said county superintendent pursuant to said appointment.

On behalf of the state the attorney general moved to quash the alternative writ of mandamus upon the grounds that Pahr was not entitled to act or perform the functions of said county superintendent. The motion must be granted for the following reasons. Sec. 10, art. XIII, Const., provides:

"The legislature may declare the cases in which any office shall be deemed vacant, and also the manner of filling the vacancy, where no provision is made for that purpose in this constitution."

As there is no provision in the constitution as to when there is a vacancy in the office of county superintendent of schools or as to the manner of filling the vacancy, the matter of when a vacancy exists or how it is to be filled has been left entirely to the legislature.

Sec. 17.03, Stats. 1949, so far as here material, provides:

"Any public office, including offices of cities, villages, and *school districts,* however organized, shall become vacant upon the happening of either of the following events: (1) The death of the incumbent. . . . (6) The decision of a competent tribunal declaring void his election or appointment or adjudging him insane."

Sec. 17.21, Stats. 1949, provides:

"Vacancies in elective county offices shall be filled in the manner and for terms as follows: . . . (4) . . . In the office of county or district superintendent of schools, by appointment by the state superintendent of public instruction for the residue of the unexpired term."

In the April, 1949, election Pahr was defeated as a candidate for said office of county superintendent of schools because Krull received a greater number of votes for the office and was thereby elected. However, although he was thus elected, he was subsequently adjudged to be ineligible because he did not possess all of the required statutory qualifications for the office of county superintendent of schools. Because of that adjudication and the above-quoted provisions in sec. 17.03, Stats. 1949, the office of county superintendent then became *vacant,* and there became applicable the provisions in sec. 17.21, Stats., that *vacancies* "in the office of county . . . superintendent of schools" shall be filled "by appointment by the state superintendent of public instruction for the residue of the unexpired term." In the *quo warranto* proceeding there was no decision or adjudication that the votes cast by the electors in April, 1949, for the office of county superintendent were void or that the election was void because of any irregularities in anything that was done or omitted at said election. The votes for Krull evidently were legal and valid and were cast by the voters without knowledge on their part of any lack of required qualifications because of which Krull might be ineligible to serve as county superintendent. Al-

though he received the highest number of votes, it was solely because of the court's subsequent decision that he did not possess the necessary statutory qualifications and therefore could not hold the office to which he was elected that his election was adjudged to be void. As it does not appear that the electors had knowledge of the ineligibility of Krull, the votes cast for him must be counted; but his disqualification does not result in electing the candidate (Pahr) who received the next-highest number of votes.

As stated in *State ex rel. Bancroft v. Frear,* 144 Wis. 79, 87, 128 N. W. 1068,—

"It is well settled that where electors vote for an ineligible candidate without knowledge of his disqualification, and such candidate receives a plurality of the votes cast, his disqualification does not result in electing the candidate receiving the next-highest number of votes. In such a case the votes cast for the ineligible candidate must be counted, and there is a vacancy in the office instead of an election of the candidate receiving less than a plurality of the votes." To the same effect see *State ex rel. Dunning v. Giles,* 2 Pin. 166, 1 Chand. 112, 117; *State ex rel. Off v. Smith,* 14 Wis. *497, *498; *State ex rel. Knutson v. Johnson,* 171 Wis. 521, 524, 177 N. W. 899; *State ex rel. McKeever v. Cameron,* 179 Wis. 405, 410, 192 N. W. 374.

When the circuit court, upon the remand of the record for further proceedings consistent with the opinion filed on the appeal to this court, adjudged that a vacancy existed in said office of the county superintendent, the state superintendent of public instruction was authorized by sec. 17.21 (4), Stats. 1949, to make an appointment to fill said office,—as he did on August 4, 1950,—for the residue of the unexpired term. Consequently, Schmidt's petition for a peremptory writ of mandamus must be denied with costs.

*By the Court.*—Peremptory writ of mandamus denied with costs.