In the Matter of LOUIS F. FELICE, Respondent, against JOHN R. SWEZEY, as Mayor of the Village of Patchogue, et al., Appellants, and WILLIAM NEWHAM et al., Respondents.— Proceeding under article 78 of the Civil Practice Act. Appeal from an order denying appellants' motion to dismiss the petition and granting them leave to serve an answer within ten days. Order affirmed, with $10 costs and disbursements, with leave to appellants to answer within five days after the entry of the order hereon. Only the petition may be considered on this motion and what is alleged therein must be assumed to be true in the absence of an answer containing proper denials or statements of new matter. (Civ. Prac. Act, §§ 1293, 1291.) The practice in a proceeding under article 78 differs from that available in a summary proceeding under section 330 of the Election Law, such as *Matter of Wier* v. *Board of Trustees of Vil. of Irvington* (259 App. Div. 839), or in an ordinary action. Rules 106 and 107 of the Rules of Civil Practice have no application. (*Matter of Workmen's Benefit Fund* [*Michel*], 265 App. Div. 176; *Zorach* v. *Clauson*, 96 N. Y. S. 2d 564, 568.) The court has jurisdiction of the parties and of the subject matter in this proceeding so long as the controlling facts remain undisputed. If the petition states any facts upon which the petitioner is entitled prima facie to the relief, then it may not be dismissed as being legally insufficient. It is alleged as a fact that Felice was appointed a trustee of the Village of Patchogue to fill the unexpired term of one George Fiala *until the first Monday in April, 1952*. He became an incumbent of the office under that appointment. The Mayor is without power to reduce the term of that appointment by ruling on the question of law as to the validity thereof for the entire term set out therein. That is a judicial question which can and should be passed upon by the courts and is sought to be the subject of a ruling in this proceeding. The board was also without power to assume to fill an alleged vacancy based on such an unauthorized ruling. It is also alleged in the petition as a fact and must be accepted as true that the pseudo-successor Cario was nominated for the office of trustee and that the vote was three nays and three yeas. We may not on the present record inquire into the validity of the votes. It thus appears that

an affirmative resolution or action was the subject of a tie vote and therefore the resolution failed of adoption despite the Mayor's contrary ruling, under the common law or the parliamentary law (Cushing's Revised Manual of Parliamentary Practice, § 243). Moreover, Felice was an incumbent when the ineffectual attempt to elect Cario occurred and, therefore, apart from any other claim to the office, he continues as a holdover under section 5 of the Public Officers Law. (*People ex rel. Stalter* v. *Lynch,* 219 App. Div. 1, 5, affd. 245 N. Y. 534.) The petition is prima facie sufficient. There is no disputed question of material fact; only an issue of law, hence the court must retain jurisdiction and may not remit the parties to relief by quo warranto. (*Matter of Schlobohm* v. *Municipal Housing Authority for City of Yonkers,* 270 App. Div. 1022, affd. 297 N. Y. 911; *Matter of Sylvester* v. *Mescall,* 277 App. Div. 961; *Greene* v. *Knox,* 175 N. Y. 432, 437.) The appeal from the refusal to sign a proposed order is dismissed. Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ., concur.