Joseph Balek, Esq. Village Attorney, Millport
We acknowledge receipt of opinion requests from Mayor Gumtow and Village Clerk Santulli, in which you joined in a telephone conversation, inquiring whether in your village (a village having less than three thousand population) the village board may change the residence qualification for the office of village justice from residence within the village to residence anywhere within the town (not county) in which the village is situate and, further, whether such change may be made retroactively so that a person who resides in your town but not in your village and who ran for and obtained the greatest number of votes for the office of village justice in your village election in March, 1979, may hold that office as victor in the election.
Election Law § 15-126 subd 1 provides, in part, in relation to village elections: "The person or persons eligible and receiving the highest number of votes for an office shall be elected thereto."
Public Officers Law § 3 establishes qualifications for holding public office. With certain exceptions stated therein or in some other State statute, its provisions control and they are, that to hold a local civil office, a person, at the time chosen and throughout the term of the office, must have certain qualifications, one of which is residence in the municipality to be served. The section applies to both elective and appointive officers. However, there is an exception in Village Law § 3-300 subd 2 clause (a) which authorizes a village board of trustees to provide that appointive village officers may live anywhere within the county in which the village is situate and, in clause (b), the office of village justice, an elective office, is similarly exempted from the general rule in those villages having a population of less than three thousand. The statutory authority to enlarge the residency area runs county-wide. You wish to diminish the enlargement to town-wide.
A municipality is forbidden to change any statutory provisions relating to the courts, which, of course, includes the judiciary, because of the restrictions on the power to adopt local laws contained in Municipal Home Rule Law § 11 subd 1 par e, which states that no local law can be adopted which:
 "e. Applies to or affects the courts as required or provided by article VI of the Constitution."
In our opinion, a village board of trustees of a village having less than three thousand population may change the residence qualification applicable to the office of village justice; the change must be effected by local law so as to allow a resident of the county in which the village is situate, even if that person does not reside in the village, to hold the elective village office of village justice; the authorization contained in the statute must be utilized precisely as contained therein, without alteration, so the enlargement, if availed of, must be county-wide; but such a change may not be made effective retroactively, one reason being the provision of Election Law § 15-126 subd 1.
We draw your attention to the case of Peo. ex rel. Stalter v Lynch,219 App. Div. 1 (1926) in which it was held that where the candidate receiving the highest number of votes is not eligible, the candidate receiving the next highest number of votes is not elected even though eligible to hold the office. The office is now vacant.