Daniel P. Deegan, Esq. Informal Opinion Glen Cove City Attorney No. 2004-7 Crowe Deegan, LLP 1 School Street, Suite 303 Glen Cove, New York 11592
You have asked whether a vacancy on the Glen Cove City Council, occurring by virtue of a tie vote at the preceding general election, may be filled by appointment by the Mayor and City Council under section C2-8 of the Glen Cove City Charter (the "Charter"), which governs vacancies that occur "otherwise than by expiration of term," or whether it may be filled by a special election proclaimed by the Governor under Public Officers Law ("POL") § 42(3). We conclude that the vacancy is created by expiration of term and may be filled by special election under POL § 42(3).
I. Factual Background
The City Council is Glen Cove's elective governing body. You have advised that the Charter provides for six city council members who are elected at large to serve for two-year terms. You have also advised that there was a tie vote for the sixth seat on the City Council at the November 2003 general election, as certified by the Nassau County Board of Elections. Consequently, there is a vacant city council seat for the term beginning January 1, 2004. You have also stated that the Charter contains no provision permitting the Mayor or City Council to order a special election, and have directed our attention to section C2-8 of the Charter which provides for the filling of vacancies in city office.
II. Analysis
POL § 42(3) authorizes the Governor to proclaim a special election to fill a vacancy that arises when there is a failure to elect someone to assume an office at a general or special election held to fill that office:
Upon the failure to elect to any office, except that of governor orlieutenant-governor, at a general or special election, at which suchoffice is authorized to be filled, or upon the death or disqualification of a person elected to office before the commencement of his official term, or upon the occurrence of a vacancy in any elective office which cannot be filled by appointment for a period extending to or beyond the next general election at which a person may be elected thereto, thegovernor may in his discretion make proclamation of a special election tofill such office, specifying the district or county in which the election is to be held, and the day thereof, which shall be not less than thirty nor more than forty days from the date of the proclamation.
POL § 42(3) (emphasis supplied).
The Court of Appeals has affirmed that POL § 42(3) applies to a situation where a tie vote results in a failure to elect someone to assume office.See Mastandrea v. Travia, 20 N.Y.2d 678 (1967). In Mastandrea, the Court of Appeals refused to enjoin the Governor from calling for a special election under POL § 42(3), where a tie vote at a general election resulted in a failure to elect a delegate to the Constitutional Convention. In affirming the order dismissing the petition, the Court rejected the petitioners' contention that the vacancy should have been filled by the remaining district delegates under Article 19, § 2 of the Constitution, which referred to a vacancy in the office of constitutional convention district delegate caused by the delegate's death, resignation or other cause after such delegate has been elected.
The conclusion that the Governor may exercise his power to proclaim a special election where a tie vote results in a failure to elect someone to assume office is also consistent with opinions of this office. See 1979 Op. Att'y Gen. 13 (Governor may proclaim special election to fill vacancy on city council following tie vote at general election); 1915 Op. Att'y Gen. 451 ("Special elections by proclamation of the Governor after a tie vote at a general election were provided for as early as 1842 [and such provision has been] continuously preserved."); 1910 Op. Att'y Gen. 397 (Governor is authorized to proclaim special election under former section 292 of Election Law[1] to fill vacancy in city office following a tie vote at the preceding general election).
One of these opinions, issued in 1979, further explains that in these circumstances, the vacancy in an office arises by virtue of the expiration of the incumbent's term. See 1979 Op. Att'y Gen. 13 (POL § 42(3) "covers a vacancy that arises by a failure to elect someone to assume an office at the beginning of the political year, January 1, by virtue of the expiration of the term of office of the incumbent."). As here, the 1979 opinion involved the failure to elect a member of the city council by reason of a tie vote at the general election, and the Attorney General concluded that POL § 42(3) provided the method for filling such office unless the city had provided for a different method for filling vacancies that exist by virtue of the expiration of the term and the failure to elect a successor.
The current vacancy on the City Council occurred at the expiration of a term of office where, by reason of a tie vote at the preceding general election, there was a failure to elect someone to assume such office. Consistent with our earlier opinion, we conclude that POL § 42(3) therefore applies to fill the vacancy, unless the City "has provided a different method for filling an elective office that becomes vacant upon the failure to elect a successor." 1979 Op. Att'y Gen. 13.
You have directed our attention to Charter § C2-8, which applies to a vacancy that arises "in any elective office of the city, otherwise than by expiration of term," and authorizes the Mayor and City Council to appoint someone "to fill such vacancy until the next general election." It thus covers vacancies that occur during a term of office, and excludes vacancies that occur "by expiration of term."[2]
As noted, the vacancy you describe was created by the expiration of the term, and the office remains vacant because the tie vote resulted in a failure to elect a successor. See People ex rel. Bast v. Voorhis,227 N.Y. 167, 173 (1919) ("The expiration of a term necessarily creates a vacancy therein."); People ex rel. Mitchellv. Sohmer, 209 N.Y. 151, 157
(1913) ("[a] vacancy for the purpose of choosing a successor has existed by reason of the statute [POL § 5] from the date of the expiration of the term"). The fact that the term has now commenced should not create a different result. Consequently, because your charter provision by its terms excludes vacancies that occur by expiration of term, it appears inapplicable to the current vacancy. See 1979 Op. Att'y Gen. 13 (charter provision providing for appointment to fill a vacancy that excludes vacancies that occur "by expiration of term" inapplicable to vacancy occurring at expiration of term by reason of tie vote at preceding general election).
Insofar as the City has not provided for the filling of a vacancy where, by reason of a tie vote at the preceding general election, there has been a failure to elect someone to assume the office of City Council member, POL § 42(3) applies to the present circumstances. The Governor, in his discretion, may call a special election to fill the office.
The Attorney General issues formal opinions only to officers and departments of State government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General In Charge of Opinions
By: _____________________________ Ann P. Zybert Assistant Solicitor General
[1] Former section 292 of the Election Law of 1909 is the predecessor to POL § 42(3).
[2] Section C2-8 provides in pertinent part:
 Other than as provided in this Charter, if a vacancy shall occur in any elective office of the city, otherwise than by expiration of term, the Mayor and City Council shall appoint a person to fill such vacancy until the next general election.
Charter § C2-8 (emphasis supplied).